### In re JACKSON.

(District Court, E. D. Pennsylvania. June 7, 1902.)

BANKRUPTCY—JURISDICTION OF COURTS OF BANKRUPTCY—EXEMPT PROPERTY.
Under Bankr. Act 1898, a court of bankruptcy has no jurisdiction over the exempt property of the bankrupt, further than to see that the trustee sets it aside, and to dispose of such questions as may arise incident to that process; and it has no power, therefore, to subrogate the trustee to the rights of a creditor who has acquired a lien on such property for the purpose of enforcing such lien for the benefit of the estate, the effect of which would be to draw the administration of the property into the court of bankruptcy.

In Bankruptcy. On certificate from referee.

Fredk. Leibfreid, for bankrupt.
Henry N. Wessel, for trustee.

J. B. McPHERSON, District Judge. On March 18, 1902, a creditor of the bankrupt obtained judgment against him, and upon the same day issued execution and levied upon the bankrupt's personal property. The note upon which the judgment was entered waived the statutory exemption of personal property from levy and sale upon execution. Upon March 27th a petition in bankruptcy was filed, and upon the next day a restraining order was issued, forbidding the creditor from proceeding further upon his judgment and execution. The trustee of the bankrupt now presents a petition asking to be subrogated to the rights of the creditor, upon the ground that it would be for the best interest of the estate that such an order should be made; the reason being that, if the trustee should be permitted to enforce the lien obtained by the execution, the proceeds

of so much of the bankrupt's property as he has claimed under the Pennsylvania statute would be thus collected for the estate; and also that, if his real estate should be sold upon the execution, the dower of his wife would be cut off, and a larger sum would, therefore, be realized by the sale. The referee refused to make the order, holding that exempt property could not be administered by a court of bankruptcy, and that the effect of the order prayed for would be to draw the administration of such property into this court. I agree with this conclusion. The bankrupt act has expressly excluded from the control of the district courts such property as the bankrupt may claim by virtue of the exemption laws of the respective states. We have nothing further to do with it than to see that the trustee sets it aside, and to dispose of such questions as may arise incident to that process. After the property exempted has been separated and delivered, its subsequent fate does not concern us. If some one of the bankrupt's creditors has already obtained, or should afterwards obtain, a lien upon it, it is not for this court to interfere with his right; Coll. Bankr. (3d Ed.) 82; Woodruff v. Cheeves, 5 Am. Bankr. R. 296, 44 C. C. A. 631, 105 Fed. 601. Whether he is to be allowed to appropriate the property at all, or exclusively, or in common with other execution creditors, are questions for the courts of the state. But, while I approve the referee's refusal, I think the restraining order should be so modified as to permit the creditor to assert such right as he may have gained by his execution against such property as may be set aside to the bankrupt under his claim for exemption, and the clerk will so modify the order.

With regard to the other ground upon which the trustee asks to be subrogated, namely, that he may sell the real estate under the judgment, and thus bar the wife's right of dower, I need only say at present that, when the time arrives for the proper consideration of that subject, it may again be brought to the court's attention.

The order of the referee is approved.