# CHICAGO, BURLINGTON & QUINCY RAILROAD CO. v. HALL.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 249. Submitted April 21, 1913.—Decided June 9, 1913.

Property exempted under the laws of the State of the bankrupt cannot be garnisheed in another State where similar property is not exempted under a judgment obtained within four months of the filing of the petition; and, after notice of the bankruptcy proceedings, the garnishee is not protected in paying over under the judgment by the full faith and credit provision of the Federal Constitution.

A state law relating to debts which is contrary to the provisions of the Federal Bankruptcy Act is nullified thereby, and when so nullified is not entitled to full faith and credit in the courts of other States under the Federal Constitution.

While title to property exempted under § 70f does not vest in the trustee, it does pass to him as part of the bankrupt's estate for the purposes named elsewhere in the statute, including the duty of segregation, identification and appraisal.

Section 67f does not defeat rights in exempt property acquired by contract or waiver of exemption; but where, as in this case, there has been no waiver, no rights can be acquired. *Lockwood* v. *Exchange Bank,* 190 U. S. 294, distinguished.

The decisions of the state and lower Federal courts in regard to annulment of liens on exempt property have been conflicting, and this court now holds that § 67f annuls all such liens obtained within four months of the filing of the petition, both as against the property which the trustee takes for benefit of creditors and that which may be set aside to the bankrupt as exempt. *In re Forbes,* 186 Fed. Rep. 76, approved.

88 Nebraska, 20, affirmed.

HALL, a resident of Douglas County, Nebraska, was employed by the Railroad as switchman in its yards in Omaha. His wages were exempt from garnishment by the laws of Nebraska. In July, 1907, he was insolvent, and

. in that month while temporarily in the State of Iowa, two proceedings were instituted against him, in which he was personally served, and the Railroad, which owed him $122 as wages, was garnisheed. In one of these cases Rawles sued on an open account for $54.20, the Railroad being required to answer on August 10th. In the other, Torrey, holding a judgment for $22.40 rendered in 1894, served a summons of garnishment on the Railroad requiring it to answer on August 27, 1907.

While these proceedings were pending in the Iowa courts, Hall returned to Nebraska, and, on August 7, 1907, he was, on his own application, adjudged a bankrupt, his wages being claimed as exempt, and the two Iowa plaintiffs included in his list of creditors. Notice of the bankruptcy proceeding was given to them and to the Railroad.

Thereafter, on August 10 the Railroad answered in the Rawles suit admitting that it owed Hall $122, and a judgment was accordingly entered against the Railroad as garnishee for $61.60. On August 27, it answered in the Torrey suit and the court entered judgment against it as garnishee for $56.91. Hall, in the bankruptcy proceedings had asked that, as allowed by the laws of Nebraska, his wages be set apart as exempt and filed a petition praying that the Railroad should be summarily ordered to pay . him the amount due for work done in June and July, 1907. The application was resisted by the Railroad and was denied by the court, which held, on the authority of *Ingram* v. *Wilson*, 125 Fed. Rep. 913, that the Bankruptcy Court could determine that the property was exempt but had no jurisdiction to compel its payment.

In view of that ruling Hall made a further application to have the $122 set off to him as exempt. An order to that effect was passed by the Referee. Hall was discharged as a bankrupt in April, 1908, and then sued the Railroad and recovered judgment, which was affirmed

by the Supreme Court (88 Nebraska, 20), and the case was brought here.

Mr. *T. Byron Clark* and Mr. *Arthur R. Wells* for plaintiff in error.

Mr. *J. O. Detweiler* for defendant in error.

MR. JUSTICE LAMAR, after making the foregoing statement of facts, delivered the opinion of the court.

Hall, a married man, head of a family and insolvent, worked as a switchman for the railroad company in Nebraska, his wages being exempt from garnishment by the laws of that State. While temporarily absent in Iowa, two suits were there brought against him, summons of garnishment being served upon the Railroad's agent in Iowa where it had been held that the Nebraska exemption statute had no extra-territorial effect.

While these two suits were pending in Iowa, Hall returned to Nebraska, was adjudged a bankrupt, and claimed his wages as exempt. No defense was made to the Iowa suits, and in both cases judgment was entered against the Railroad as garnishee. For this reason it refused to pay Hall when he demanded the money, which had been set apart to him as exempt by the Referee. He then sued the company and recovered a judgment, which was affirmed by the Supreme Court of Nebraska. The Railroad sued out a writ of error to test its liability in this class of cases, which it insists are constantly arising, because of the employment of many persons on its lines, extending into different States, with varying garnishment laws. It contends that the laws of Iowa do not recognize the Nebraska exemption of wages from garnishment; that Hall was personally served in the Iowa suits, and that the judgments therein entered against the Railroad as garnishee

are unreserved and binding; that to compel it to pay Hall
and these Iowa plaintiffs also is to impose upon it a double
liability and to deny to the judgments of the Iowa courts
the full faith and credit to which they are entitled under
the Federal Constitution. .

But if they were nullified by § 67f of the Bankruptcy
Act they are entitled to no faith and no credit. That they
were so nullified is Hall's contention; for he insists that
if there was a lien against his wages it was obtained by
garnishment served within four months of his bankruptcy
and discharged by virtue of the provisions of § 67f, which
declares that "all  .  .  .  liens obtained through legal
proceedings against a person who is insolvent, at any time
within four months prior to the filing of a petition in
bankruptcy against him, shall be deemed null and void
in case he is adjudged a bankrupt, and the property
affected by the levy, judgment, attachment, or other lien
shall be deemed wholly discharged and released from the
same and shall pass to the Trustee as a part of the estate
of the bankrupt."

The Railroad on the other hand, contends that under
§ 70 the trustee acquires no title "to property which is ex-
empt," and that liens thereon are not discharged by § 67f,
since that section has reference only to liens on property
which can "pass to the trustee as a part of the estate of
the bankrupt."

On this question there is a difference of opinion, some
state and Federal courts holding that the Bankruptcy
Act was intended to protect the creditors' trust fund and
not the bankrupt's own property and that, therefore, liens
against the exempt property were not annulled even
though obtained by legal proceedings within four months
of filing the petition. *In re Driggs,* 171 Fed. Rep. 897; *In
re Durham,* 104 Fed. Rep. 231. On the other hand, *In re
Tune,* 115 Fed. Rep. 906 and *In re Forbes,* 186 Fed. Rep.
79, hold that § 67f annuls all such liens, both as against the

property which the trustee takes and that which may be set aside to the bankrupt as exempt.

This view, we think, is supported both by the language of the section and the general policy of the act which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like the present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the Bankruptcy Act to secure to the debtor.

Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. "All liens obtained by legal proceedings" within that period are declared to be null and void. That universal language is not restricted by the later provision that "the property affected by the . . . lien shall be released from the same and pass to the Trustee as a part of the estate of the bankrupt." It is true that title to exempt property does not vest in the trustee and cannot be administered by him for the benefit of the creditors. But it can "pass to the Trustee as a part of the estate of the bankrupt" for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify and appraise what is claimed to be exempt. He must make a report "of the articles set off to the bankrupt, with the estimated value of each article" and creditors have 20 days in which to except to the Trustee's report. Section 47 (11) and General Orders in Bankruptcy, 17. In other words, the property is not automatically exempted but must "pass to the Trustee as a part of the estate"—not to be administered for the benefit of creditors, but to enable him to perform

the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. Custody and possession may be necessary to carry out these duties and all levies, seizures, and liens, obtained by legal proceedings within the four months, that may or do interfere with that possession are annulled, not only for the purpose of preventing the property passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt. This property is withdrawn from the possession of the Trustee not for the purpose of being subjected to such liens, but on the supposition that it needed no protection inasmuch as they had been nullified.

The liens rendered void by § 67f are those obtained by legal proceedings within four months. The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed, under the principle declared in *Lockwood* v. *Exchange Bank*, 190 U. S. 294. But Hall did not waive his exemption in favor of the Iowa plaintiffs and they had no right against his wages, except that which was obtained by a legal proceeding within four months of the bankruptcy. Those liens having been annulled by § 67f of the Bankruptcy Act, furnished no defense to the Railroad when sued by Hall for his wages, earned in Nebraska, exempt by the laws of that State, and duly set apart to him by the Referee in Bankruptcy. The judgment of the Supreme Court of Nebraska is

*Affirmed.*