### In re POHLIG.

#### (District Court, E. D. Pennsylvania. November 6, 1916.)

#### No. 5807.

BANKRUPTCY &loz;400(1)—EXEMPTIONS—CLAIM OF EXEMPTIONS—RESTRAINING EXECUTION.

 · After levy of execution upon his household goods, the bankrupt filed a voluntary petition in bankruptcy, and upon adjudication claimed the goods as exempt under the state laws. Upon petition of the bankrupt, the sheriff was restrained from proceeding with the execution, and the property was set off to him as exempt. Bankruptcy Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (Comp. St. 1913, § 9631), makes it the duty of the trustees under the direction of the court, to set aside the bankrupt's exemptions. *Held* that, as the bankrupt had prayed for the property to be set aside to him as exempt, he could not complain of the vacation of the restraining order, for, the property having been set aside, the bankruptcy court had no further concern therewith.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671, 673; Dec. Dig. &loz;400(1).]

In Bankruptcy. In the matter of the bankruptcy of George William Edgar Pohlig. Upon petition by Warren Stirling, judgment creditor, to vacate an order restraining proceeding with execution. Restraining order vacated.

Harry L. Stirling, of Philadelphia, Pa., for judgment creditor.
Cascaden & Spangler, of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The petitioner, Warren Stirling, obtained a judgment against the bankrupt in the sum of $12.50 in the municipal court, Philadelphia county, April 17, 1916, upon which execution was issued the same day and a levy made upon the household goods and furniture at the bankrupt's home. A voluntary petition in bankruptcy was filed, and the bankrupt was adjudged a voluntary bankrupt on May 15, 1916. The schedules filed by him showed liabilities of about $800. The schedules showed but one item of assets, as follows:

"Invested as part payment of household goods about six years ago, $200.00."

This item is claimed by the bankrupt in his schedules as property exempted by state laws. On June 12, 1916, upon petition of the bank-

rupt, the court granted an order restraining the sheriff from proceeding with the execution. This restraining order the court is now asked to vacate, upon the ground that the levy is made upon property which the bankrupt claims is exempt. The jurisdiction of the court over exempt property is confined to the proceedings necessary on the part of the trustee to "set apart the bankrupt's exemption and report the items and estimated value thereof to the court as soon as practicable after their appointment." Bankruptcy Act, § 47; Woodruff v. Cheeves (C. C. A., 5th Cir.) 5 Am. Bankr. Rep. 296, 105 Fed. 601, 44 C. C. A. 631; In re Jackson (D. C., Pa.) 8 Am. Bankr. Rep. 594, 116 Fed. 46.

If the present application were opposed by a trustee on behalf of the creditors, the court would, in a proper case, continue the restraining order to permit the trustee to set aside the exempt poperty. The answer to the petition to vacate, however, is filed by the bankrupt. He has set out in his schedule the item above referred to as his only asset, and claims it entirely under his right to exemption. He now seeks to continue to delay his judgment creditor by the restraining order, upon the ground that what he has claimed as exempt is part of the bankrupt estate. Surely he cannot shift his position in that manner. Having made his claim that the equity in the household furniture levied upon at the instance of the judgment creditor is exempt, he is estopped from denying the effect of what he set out in his schedules. By his own act he has claimed that his assets are beyond the reach of his trustee in bankruptcy and are therefore out of the jurisdiction of this court. He cannot be permitted to use the court of bankruptcy as a means to delay indefinitely the enforcement of the lien acquired by the sheriff's levy.

It is ordered that the restraining order be vacated.