### In re LIBBY.

(District Court, S. D. Florida. May 31, 1918.)

1. BANKRUPTCY ⟨⟩400(4)—PETITION TO REVIEW—RECORD.
    The file marks, showing when the trustee's report setting aside exemptions, and the creditor's exceptions thereto were filed, must be accepted as establishing those dates, where on petition to review the referee's order sustaining the exceptions it was contended they were not filed within 20 days as required by General Order XVII.

2. BANKRUPTCY ⟨⟩396(1)—EXEMPTIONS—PRECEDENTS.
    The bankruptcy court, in allowing exemptions under the state laws, must be governed by the construction and interpretation of the highest court of the state.

3. BANKRUPTCY ⟨⟩399(3)—EXEMPTION—ALLOWANCE.
    A Florida bankrupt held not entitled to the full homestead exemption claimed out of his stock, which he undervalued, it appearing that he made preferential payments shortly before his bankruptcy, and that in contemplation of that event he ceased making deposits in the bank and to keep proper accounts; so the referee's reduction of the amount allowed by the trustee was proper.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. BANKRUPTCY ⊚⇒444—PETITION TO REVIEW—TIME FOR SETTING DOWN.
   The District Court has power, upon cause shown, to suspend the rule
requiring petitions for review to be set down in 20 days.

In Bankruptcy. In the matter of J. C. Libby, bankrupt. On petition to review the order of the referee. Order affirmed, and petition to review denied.

L. W. Nelson, of St. Augustine, Fla., for bankrupt.
W. T. McCaffrey, of Jacksonville, Fla., for creditors.

CALL, District Judge. This cause comes on upon petition to review the order of the referee made on March 26, 1918, whereby the exceptions of certain creditors to the trustee's report setting aside an exemption was partly sustained. The findings of the referee, which are amply sustained by the testimony, are that the bankrupt appraised his stock, consisting of plumbing supplies, at one-third of the cost price of sale; that prior to the month of December, 1917, regular deposits were made in two banks at St. Augustine of the receipts from the business conducted by the bankrupt; that during the month of December the deposits were small and irregular; that during said month of December the bankrupt turned over to his wife $300 in payment of a loan made some months before, and this payment worked a virtual preference of the wife, and failed to account for the receipts from the business for that month, except for this $300, paid to his wife in an amount in excess of $300; that up to December, 1917, the bankrupt kept books, which, while not technical, yet showed his collections, etc.

The referee allowed the bankrupt to select from the stock an exemption of the value of $500. It is this order the bankrupt seeks to have reviewed. The assignments of error are seven in number.

[1] The seventh assignment is that the referee erred in not granting the motion of bankrupt to dismiss the creditor's exceptions to the trustee's report on the ground that the same had not been filed within 20 days, as required by General Order XVII. The file marks on the papers show this assignment not well taken. Some contention is made in the brief of the attorney for the bankrupt that the report was lodged in the referee's office some days prior to the date shown by the file mark. However this may be, I must be governed by the record before me. The exceptions were filed on the day of the last examination of the bankrupt.

[2, 3] The other assignments challenge the correctness of the referee's order disallowing the bankrupt's claim for exemption in the sum of $500, because of this payment to his wife of $500, and failure to further account for the receipts of the business during the month of December, 1917. The bankruptcy court, in allowing exemptions under the state laws, must be governed by the construction and interpretation of the highest court of the state. Therefore it is to the Supreme Court of Florida we must look for this construction and interpretation.

Decisions of federal courts in other states can be of little assistance,

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

unless the exemption laws of such states are the same as the provisions of the Florida Constitution. That court, since the case of Drucker v. Rosenstein, 19 Fla. 191, has laid down and maintained the doctrine that the exemption laws should be liberally construed to benefit the family, but such laws should not be applied so as to make them an instrument of fraud or imposition upon creditors. And the further principle was announced in Florida Loan & Trust Co. v. Crabb et al., 45 Fla. 306, 33 South. 523, that a debtor, who conceals or removes beyond the reach of his creditors a part of his personal property as a preliminary to claiming the exemption, will, when the property so remains concealed or removed, be held to have selected such concealed or removed property pro tanto as his exemption. Now, this is exactly what the referee did in this case, as I understand his order.

Up to December, 1917, the bankrupt kept books from which his collections could be ascertained, and made his deposits in the two banks regularly. Commencing with December and until January 10th following, when his petition was filed, this method of conducting his business is changed; accounts are collected, deposits not made as theretofore, and he turns over to his wife in payment of a loan made some 12 months before the sum of $300. He is unable upon the two examinations by the creditors to explain or account for the receipts of the business for the month of December other than the payment of this sum of $300, and it further appears that shortly before filing his petition he pays to his attorney, presumably for services to be rendered in these proceedings, $125, and presents his claim for exemption to the entire stock of goods and collectable accounts.

Is this such a concealment or removal of property, in contemplation of the claim for exemption, as is referred to in the Crabb Case above? In that case money was deposited in the wife's name, the business was exempted and turned over to the wife, and afterwards the exemptor conducted it as agent of his wife. The court in that case announced the doctrine above noticed and applied to the referee in the instant case. It seems to me the conclusion that the act of payment to the wife, failure to conduct his business as theretofore and exhaustion of his bank accounts were all done in contemplation of bankruptcy and claiming the stock of merchandise as exempt on a preposterously low valuation. It is so generally known that the court could almost take judicial cognizance of it that prices of all kinds, especially copper, brass, iron, and the articles usually carried in a plumbing stock, have been rising and are continuing to rise for the last two years. The bankrupt admits such advance in pipe, copper, and brass, but still values his stock for exemption purposes at one-third the cost.

A liberal construction of the homestead laws, for the benefit of the family, has been had in this case, under the order sought to be reviewed.

[4] Something was said in argument that the petition to review should be dismissed, because it was not set down in the 20 days. The court has the power to suspend this rule upon cause shown, and in this case the application was made as soon as the attorney for the bankrupt became aware of the rule. The rule is intended to expedite

business, and, knowing the engagements of the court, a more expeditious hearing could not be had.

The order of the referee will be affirmed, and the petition to review will be denied.