## SCHREPEL v. DAVIS.

### In re COOK.·

(Circuit Court of Appeals, Eighth Circuit. July 11, 1922.'

No. 214.

**1. Bankruptcy ⬥200(3)—Payment by garnishee to creditor after adjudication held wrongful, and not basis for adverse claim by creditor.**

Under Bankruptcy Act, § 67 (Comp. St. § 9651), relative to the dissolution of liens obtained through judicial proceedings, where a garnishment was filed only a few days before the petition in bankruptcy and would work a preference, payment by the garnishee to the creditor after the adjudication was wrongful, and the creditor's possession, so procured, would not support an adverse claim by him.

**2. Bankruptcy ⬥198—Provision as to dissolution of judicial liens applies to exempt property.**

Bankruptcy Act, § 67 (Comp. St. § 9651), relative to dissolution of liens obtained by judicial proceedings, applies to exempt property, such as property exempted by Comp. Laws N. D. 1913, § 7739, as amended by Laws N. D. 1919, c. 128/ § 3.

**3. Bankruptcy ⬥400(1)—Exemptions ineffective until allowed, and trustee has right of possession in the meantime.**

Exemptions do not become such merely on claim in bankruptcy proceedings, but are subject to examination, determination, and allowance, and the trustee has the right of possession until the property is released to the bankrupt as exempt.

Petition to Revise Order of the District Court of the United States for the District of North Dakota.

⬥For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Proceeding between Edward H. Schrepel and C. B. Davis, as trustee in bankruptcy of D. W. Cook, bankrupt. An order was made directing Schrepel to turn over money to the trustee, and he brings a petition to revise. Petition denied.

George H. Stillman, of Minot, N. D., for petitioner.
Francis Murphy, of Minot, N. D., for respondent.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

STONE, Circuit Judge. [1] Petition to revise an order sustaining an order of a referee in bankruptcy which directed petitioner to turn over to the trustee $86. The money in question was for wages due the bankrupt which were the subject of garnishment by petitioner a few days before the bankruptcy proceeding began. After the adjudication of bankruptcy and with knowledge of the pending bankruptcy proceeding, petitioner induced the garnishee to turn the money over to him. He now seeks to retain it under the theory that he has an adverse claim founded upon the above garnishment lien.

Section 67c, Bankruptcy Act (Comp. St. § 9651), provides that an adjudication of bankruptcy shall dissolve all liens obtained through legal proceedings within four months prior to filing the petition in bankruptcy, if it appear that the lien was obtained when the bankrupt was insolvent and that the allowance thereof would operate as a preference. Paragraph "f" of the same section provides that all "levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent," within the four-month period, "shall be deemed null and void * * * and the property affected * * * shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, * * * unless it be preserved to the trustee for the benefit of the estate." Here the garnishment was filed only a few days before the petition in bankruptcy and there can be no doubt of the insolvency of the bankrupt at the time the garnishment was begun or that the allowance of the lien would work a preference. As this money was turned over by the garnishee after the adjudication in bankruptcy, it is clear this was done at a time when the trustee was the only one entitled thereto and when all force of the garnishment had been annulled unless the garnishment was to be preserved to the trustee for the benefit of the estate. The payment by the garnishee was wrongful and illegal and its procurement by petitioner was equally so. Possession so procured and of such illegal character can be no basis of right in a court of equity and cannot be permitted to aid the wrongdoer.

[2, 3] Petitioner makes the argument that this property was exempt from ordinary execution, but not from execution for claims such as his (Compiled Laws North Dakota 1913, § 7739, as amended by section 3, c. 128, Laws of 1919), and that the bankrupt claimed his exemptions in his filed schedule. These circumstances do not affect the situation. The above sections of the Bankruptcy Act apply to property subject to exemption. C., B. & Q. Ry. v. Hall, 229 U. S. 511,

33 Sup. Ct. 885, 57 L. Ed. 1306. Exemptions do not become such merely upon claim. Such claim is subject to examination, determination, and allowance in the bankruptcy proceedings and the trustee has the right to take and hold possession of property so claimed until, in the bankruptcy proceeding, it is released to the bankrupt as exempt. C., B. & Q. Ry. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306. Here the bankrupt, during the hearing before the referee on this matter, waived his exemptions before there had been any allowance thereof. The possession of the petitioner is absolutely illegal and was wrongfully obtained. His claim, resting entirely on the lien of the garnishment, which is expressly negatived by section 67c and 67f and the Hall Case, is frivolous.

The petition to revise should be and is denied.