---

## In re RABB.

District Court, N. D. Texas, Dallas Division.
August 29, 1927.

No. 2477.

1. **Bankruptcy** ⟨key⟩398(1)—Since bankruptcy courts have no authority over exempt property, referee erred in holding liens against homestead that attached within four months of bankruptcy were available to general creditors if lien attached before appropriation of homestead as such (Bankruptcy Act, § 70 [11 USCA § 110]).

Referee's holding that liens existing against bankrupt's homestead before appropriation as

such were available to general creditors by court's consent, if liens had attached within four months of bankruptcy, held error; bankruptcy courts, by virtue of section 70 of the Bankruptcy Act (11 USCA § 110), having no authority to deal with such rights in exempt property.

2. **Bankruptcy** ⟨key⟩395(2)—Trustee's only right in exempt property is to set it aside for the bankrupt (Bankruptcy Act, § 70 [11 USCA § 110]).

Under Bankruptcy Act, § 70 (11 USCA § 110), relative to bankrupt's property vesting in trustee, latter is vested with no right or supervision over property which the statute exempts save to ascertain the exemption and set it aside for the bankrupt.

3. **Bankruptcy** ⟨key⟩398(1)—Release of bankrupt's property from certain liens that have attached within four months of bankruptcy does not apply to homestead (Bankruptcy Act, §§ 67, 70 [11 USCA §§ 107, 110]).

Provision of Bankruptcy Act, § 67 (11 USCA § 107), releasing bankrupt's property from certain liens that have attached within four months of filing petition in bankruptcy, applies only to property not exempt under section 70 (11 USCA § 110); hence does not apply to homestead.

4. **Bankruptcy** ⟨key⟩398(1)—Liens against homestead must be asserted in state tribunal, being outside bankruptcy court's jurisdiction.

Liens against the homestead of a bankrupt are matters outside the bankruptcy court's jurisdiction, and must be asserted in a state tribunal.

5. **Bankruptcy** ⟨key⟩400(4)—Supreme Court's general order being mandatory, exceptions to trustee's report setting aside exempt property came too late when not made within 20 days (Supreme Court general order 17).

The Supreme Court's general order 17, requiring exceptions to trustee's report setting aside exempt property to be made within 20 days, is mandatory; hence exceptions came too late when not made within such time.

Petition by James Barney Rabb, bankrupt, to review an order of a referee in bankruptcy. Order reversed.

M. B. Harrell, of Greenville, Tex., for bankrupt.

R. R. Neyland, of Greenville, Tex., for creditors and trustee.

ATWELL, District Judge. [1] For many years the bankrupt lived in Greenville, Tex., upon property designated as his homestead. On December 2, 1926, a creditor levied an attachment upon 200 acres of land belonging to the bankrupt, in Hunt county. On December 29, 1926, the bankrupt and his wife sold the city homestead for $6,000 cash and moved upon the 200 acres which had been levied upon, paying the $6,000 upon some indebtedness against the 200 acres.

From the 30th day of December, 1926, they continued to live upon and occupy the 200 acres as their rural homestead, and, on January 4, 1927, by written instrument, duly designated the same as their homestead. On March 18, 1927, he filed a voluntary petition in bankruptcy and claimed the 200 acres as exempt. The trustee recognized the exemption and set it aside to the bankrupt.

Under the statute, the bankrupt was entitled to the homestead he had in the city of Greenville, or was entitled to the 200 acres in the country.

After setting aside the 200 acres as a homestead, the trustee and certain creditors asked the referee to allow the trustee to enter the suit in the state court, out of which the attachment issued, and make use of the attachment lien for the benefit of all of the creditors.

The referee granted the application, holding that liens that existed against the homestead before appropriation as a homestead are valid and enforceable, and that, since the lien was within four months of bankruptcy, it was a lien that could be advantaged, with the consent of the court, by all of the creditors.

I think the holding of the referee was error.

[2] Section 70 of the Bankruptcy Act (11 USCA § 110) vests title in the trustee to all of the property therein mentioned, "except in so far as it is to property which is exempt." This exception is as big as it seems. The trustee is vested with no right—with no supervision—over or in that which the state law makes exempt, save to ascertain such exemption and set it aside for the use of the bankrupt. It is a continuation of the repose granted by the state law.

To allow the trustee to appeal to a federal tribunal for the right to follow exempt property into a state tribunal is merely allowing him to do indirectly what the law forbids him to do directly. There may be no advantage to a general creditor or a lien creditor in the bankrupt court over, upon, or from the bankrupt's exemption.

It has been suggested that section 67 f (11 USCA § 107) gives the authority for the procedure attempted. That section provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

[3] This provision is at once a nullification and a preservation. It must be read, if possible, in harmony with the remainder of the act. Such reading may be had by giving entire force to the exception mentioned in section 70 and by reading section 67 f, as applying only to property that is not exempt. If section 67 f relates to property that is exempt, as well as to property that is not exempt, then the exception in section 70 becomes a nullity. One purpose of section 67 f was to save for the general creditors any attempted lien by one creditor, that was secured within four months of bankruptcy, upon such property as would, in reality, go to all of the creditors in the event of bankruptcy. The attempt to fix the lien, or the fixing of a lien, upon that which was exempt and which, in no event, could or would go to creditors, could not be effective against a plain provision of the statute.

[4] Any lien that exists against the homestead of a bankrupt must be asserted in a state tribunal. Whether it is valid or whether it is invalid—whether it is collectable—is a matter exclusively outside the jurisdiction of the bankruptcy court. When the bankruptcy law limits the authority of the bankruptcy court to the ascertainment of the homestead and the segregation of it to the use of the bankrupt, nothing more may be attempted.

Judge Dietrich, in Re Malone's Estate (D. C.) 228 F. 566, in a case almost like the one under consideration, allowed an attachment lien to be preserved for the benefit of the estate. While in Re Pohlig (D. C.) 236 F. 606, In re Jackson (D. C.) 116 F. 46, In re Vonhee (D. C.) 238 F. 422, Woodruff v. Cheeves (C. C. A.) 105 F. 601, and Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061, it is quite clear that whether exempt property is subject to equities, liens, or judgments of individual or special creditors is not the concern of the bankruptcy court, and must be thrashed out and determined in state tribunals.

It was said, in Chicago, B. & Q. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306, that section 67 f, does not defeat rights

in exempt property acquired by contract or waiver of exemption; but, where there has been no waiver, no rights will be acquired therein by reason of such section. This case also calls attention to the two views of some of the federal courts with reference to the annulling portion of 67 f, but holds that the section annuls all liens, both as against the property which the trustee takes and that which is set aside to the bankrupt as exempt, and then adds:

"This view, we think, is supported both by the language of the section and the general policy of the act which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like the present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the Bankruptcy Act to secure to the debtor."

If we read further, we get even more light:

"Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months' period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void. That universal language is not restricted by the later provision that 'the property affected by the * * * lien shall be released from the same and passed to the trustee as a part of the estate of the bankrupt.' It is true that title to exempt property does not vest in the trustee and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt. He must make a report 'of the articles set off to the bankrupt, with the estimated value of each article,' and creditors have twenty days in which to except to the trustee's report. * * * In other words, the property is not automatically exempted, but must 'pass to the trustee as a part of the estate'—not to be administered for the benefit of the creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. Custody and possession may be necessary to carry out these duties and all levies, seizures, and liens, obtained by legal proceedings within the four months, that may or do interfere with that possession, are annulled, not only for the purpose of preventing the property passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt. This property is withdrawn from the possession of the trustee, not for the purpose of being subjected to such liens, but on the supposition that it needed no protection, inasmuch as they had been nullified. The liens rendered void by section 67 f are those obtained by legal proceedings within four months."

[5] The bankrupt also objects to the order of the referee because the exceptions to the trustee's report setting aside the exempt property to the bankrupt were not filed within 20 days after such report was made.

General order 17 of the Supreme Court relating to this matter is mandatory. In re Krecun (C. C. A.) 229 F. 711; In re Cotton & Preston (D. C.) 183 F. 190; In re Libby (D. C.) 253 F. 278.

But the referee has furnished me a supplement to his transcript which shows that, as a matter of fact, the trustee's report was not filed on April 5th, as the file mark shows, but was really filed on May 5th, and the exceptions were made within 20 days of that date. But the exception setting out the attachment lien was not filed nor hinted at until June 13th, which was much more than twenty days after the trustee's report.

It follows from what I have said that the order of the referee will be reversed, and authority is denied the trustee to follow the exempt property into the state court.