## HEMSELL v. RABB.

Circuit Court of Appeals, Fifth Circuit.
January 7, 1929.

No. 5205.

C. M. Smithdeal, of Dallas, Tex., and R. R. Neyland, of Greenville, Tex. (Neyland & Neyland, of Greenville, Tex., and Smithdeal, Shook, Spence & Bowyer, of Dallas, Tex., on the brief), for appellant.

L. A. Clark and M. B. Harrell, both of Greenville, Tex. (Clark, Harrell & Starnes, of Greenville, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that a homestead, consisting of 200 acres of land in Hunt county, Texas, was set aside as exempt to the bankrupt by the trustee. At the time the homestead was acquired, it was burdened with a lien resulting from an attachment issued out of a state court and levied within four months prior to bankruptcy. The referee entered an order preserving the lien for the benefit of all the creditors, and authorized the trustee to intervene in the state court for the purpose of collecting the debt. On review the District Court reached the conclusion that the lien was void under the Bankruptcy Law (11 USCA), and reversed the order of the referee [(D. C.) 21 F. (2d) 254], relying principally upon the authority of Chicago, B. & Q. R. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306.

The Hall Case, supra, is distinguished from the case at bar, in that no attempt had been made to preserve the lien and the trustee was not a party. The court was dealing with exempt property, and held the attachment void under the provisions of the Bankruptcy Act, but also announced the principle that, with regard to liens obtained purely through legal proceedings within four months of bankruptcy, no distinction is to be made between exempt property and other property.

Section 67f of the Bankruptcy Act of 1898 (11 USCA § 107(f) does not unqualifiedly declare all liens obtained solely through legal proceedings within four months prior to bankruptcy to be void, as such liens may be preserved for the benefit of all the creditors. That provision has as much force as any other part of the section. The case here presented is essentially one for its operation as the property burdened does not vest in the trustee and the lien is a valuable asset of the estate.

Under the law of Texas the pre-existing lien was valid against the bankrupt, and could have been enforced against the homestead, although as to all other debts the homestead was exempt. Brooks v. Chatham, 57 Tex. 31. It follows that the bankrupt did not secure a complete homestead in the 200 acres of land selected by him. What he really acquired as exempt property was the equity in the land over and above the pre-existing lien. Therefore, if the lien is enforced for the benefit of the creditors the bankrupt will not be deprived of any exemption granted to him by the laws of Texas.

It was proper for the referee to enter the order preserving the lien and to direct the trustee to take steps to enforce it. Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; First National Bank v. Staake, 202 U. S. 141, 26 S. Ct. 580, 50 L. Ed. 967.

The judgment appealed from is reversed, and the order of the referee is made the judgment of this court.

Reversed and rendered.