In re DENMARK.

No. 328.

District Court, S. D. Georgia, Waycross Division.

Aug. 4, 1931.

John Rogers, of Hazlehurst, Ga., for bankrupt.

Wilson, Bennett & Pedrick, of Waycross, Ga., for trustee.

BARRETT, District Judge.

A petition to review the decision of referee Bennett brings this matter before this court. The facts are not in controversy and are so fully set forth by the referee that it is unnecessary to restate them.

The referee decided that the bankrupt, S. J. Denmark, was not entitled to the exemption claimed for two reasons: First, because he concealed an asset in the way of an automobile; and, second, because he concealed other assets, as disclosed by an enormous shrinkage of assets within a short time unexplained by the bankrupt after full opportunity had been given him to do so. The evidence fully justifies the action of the referee, and it is ratified and confirmed.

In the brief presented to this court by counsel for the bankrupt the sole reliance is upon the motion to dismiss the objections to the allowance of the exemption. The facts condensed are these: On November 10, 1930, the referee sent out notices to creditors advising of the claim of exemption and of the opportunity of objection thereto. Before the expiration of the 20 days allowed for objection to the exemption it was called to the attention of the referee that the trustee had not filed his report setting apart the exemption as required by law. At that time by agreement of the attorney for the bankrupt, the attorney for petitioning creditors, the trustee, and his attorney, the proceedings had up to that time in the matter of the exemption were set aside in toto and the referee passed an order accordingly. The attorney for the bankrupt advised that his client desired to amend his application for exemption, which up to that time was for $1,600 in money or goods, so as to substitute or include real estate. It was agreed that such attorney for the bankrupt should prepare the report of the trustee for such exemption. On November 25, 1930, the referee received from the trustee a form of report that had been prepared by the attorney for the bankrupt, which was unverified and accompanying it was this letter: "I am enclosing you report setting aside homestead sent me today by Mr. Rogers. Please show this to Mr. Pedrick and

you can act on same as is necessary." Mr. Rogers was attorney for the bankrupt, and Mr. Pedrick was attorney for the trustee. Such report was never filed by the referee, though it stayed in his office some days. It was upon examination found to be erroneous and was returned to the trustee for the purpose of corrections and for verification when corrected. The attorney for the bankrupt was afforded opportunity to amend the bankrupt's schedule so as to make his claim of exemption out of realty, but he declined to do so because he claimed that the 20 days within which objections could be allowed to the exemption dated from November 25, 1930, and he did not wish to waive any of his client's rights. On December 27, 1930, the trustee sent to the referee his report, which was verified and duly filed, and thereupon the required notices were sent to the creditors and within 20 days from such date objections to the allowance of the exemption were filed by the trustee. The motion by the bankrupt was to dismiss the objections filed by the trustee because they were not filed within 20 days from November 25, 1930.

Indubitably General Order 17 (11 US CA § 53) requiring that exceptions to the report of the trustee setting aside an exemption must be made "within twenty days after the filing of the report" is mandatory. In re Rabb (D. C.) 21 F.(2d) 254 (5), and citations.

If the report of the trustee was filed November 25, 1930, the decision of the referee was erroneous; if such report was not filed until December 27, 1930, as certified by the referee, his decision was correct. The so-called "report" received by the referee on November 25th was with the request, "You can act on same as is necessary." There is no denial of the referee's certificate that such "report" was not filed, nor that exercising the authority and complying with his duty he found such report erroneous and returned the same to the trustee for correction. Section 38 of Bankruptcy Act (11 USCA § 66) as to power; Remington on Bankruptcy (3d Ed.) vol. 3, § 1321 as to power and duty.

It has been held that the entry of filing is conclusive as to the date. In re Libby (D. C.) 253 F. 278. In this case the entry and the certificate of the referee show affirmatively that the only report that was filed was on December 27th. There is nothing to controvert this except the presumption that because a paper denominated a "report" is received by the referee it is there-

fore filed as of that date. Neither reason nor authority sustains such conclusion in the face of the referee's certificate. Filing may be complete without a written entry to that effect, but filing is not complete when the officer with whom it is to be filed justifiably treats the paper as not in a condition to be filed and especially when his action is consonant with the instructions of the trustee and is confirmed by the subsequent action of the trustee.

The action and judgment of the referee in declining the motion to dismiss are hereby ratified and confirmed.