**In re James Lee MIDDLETON, Jo Alice Middleton, Debtors.**

**Bankruptcy No. 80–02099A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 19, 1980.

Paul C. Parker, Decatur, Ga., for petitioner.

H. Dennis Panter, Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On June 19, 1980, the above–referenced debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. The debtors claimed as exempt assets with a total value of $4,000.00 including general household items with a total value of $2,000.00. On July 28, 1980, the debtors filed a complaint to avoid, pursuant to 11 U.S.C. § 522(f), a lien in the aforementioned household goods held by Liberty Loan Corporation which arose out of a judgment of the State Court of Clayton County, Georgia, in the amount· of $2,500.00. The judgment was based upon a debt secured by a non–purchase money interest in household goods created April 25, 1978.

On August 15, 1980, Liberty Loan Corporation (hereinafter "Liberty") filed its answer alleging that the secured interest was perfected prior to the enactment of the Bankruptcy Reform Act of 1978 on November 6, 1978. It further alleged that at the time of perfection the security interest was valid and enforceable even in a bankruptcy proceeding and that application of 11 U.S.C. § 522(f) to destroy this interest is a deprivation of property in violation of the Due Process Clause of the Fifth Amendment.

## CONCLUSIONS OF LAW

The only issue raised by the parties is an issue of law: whether the application of 11 U.S.C. § 522(f) to avoid a security interest created prior to November 6, 1978 is an unconstitutional deprivation of property without due process. The issue has been squarely faced by several Bankruptcy Courts with inconsistent results.[1] The reason for this inconsistency is clearly that resolution requires a determination of the limits placed upon the Bankruptcy Clause, Art. 1 § 8, by the Due Process Clause of the Fifth Amendment.

---

1. Cf. *Hoops v. Freedom Finance*, 3 B.R. 635, 6 BCD 273 (Bk.Ct. D.Co. 1980); *In re Rodrock*, 3 B.R. 629, 1 CBC 2d 1022, 6 BCD 267 (Bk.Ct. D.Co. 1980); *In re Jackson*, 4 B.R. 293, 2 CBC 2d 90, 6 BCD 612 (Bk.Ct. D.Co. 1980); *In re Hawley*, 4 B.R. 147, 2 CBC 2d 80, 6 BCD 365 (Bk.Ct. D.Or. 1980); with *In re Ambrose*, 4 B.R. 395, 2 CBC 2d 267, 6 BCD 454 (Bk.Ct. N.D.Ohio 1980); *In re Curry*, 5 ·B.R. 282 (Bk.Ct. N.D.Ohio 1980); *In re Beck*, 4 B.R. 661, 6 BCD 491 (Bk.Ct. C.D.Ill. 1980);

The scope of the bankruptcy power has been defined as "extend[ing] to all cases where the law causes to be distributed the property of the debtor among his creditors; this is its least limit. Its greatest is a discharge of the debtor from his contracts. And all immediate legislation, affecting substance and form, but tending to further the great end of the subject—distribution and discharge—are in the competency and discretion of Congress." *In re Klein*, 14 F. 716, 718 (C.C. D.Mo. 1843).

In aid of this power, the Supreme Court upheld the voiding of judicial liens against exempt property, in preference actions, as early as 1913. *Chicago, B. & Q. R. Co. v. Hall*, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306 (1913). It is obvious that all property and contract rights, the subject matter of due process protection, are subject to the bankruptcy laws which exist when those rights are created. The question remains as to what extent Congress may exercise the bankruptcy power to effect pre–existing property rights.

The Supreme Court last addressed this question in response to two attempts by Congress to alter retroactively rights of mortgagees in property of bankrupt farmers. *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (hereinafter "Radford"); *Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1936) (hereinafter "Wright"). The Court overturned the first attempt and upheld the second. The significance of these two cases is that in neither of these cases did Congress attempt an absolute destruction of a pre–existing property right. In *Radford* the Court overturned a statute which voided a mortgagee's lien upon payment by the mortgagor of the appraised value of the property but without allowing the mortgagee to bid in that amount. Radford argued that "the changes

in the mortgagee's rights in the property, even is substantial, were not arbitrary and unreasonable, because they were made for a permissible public purpose." *Radford* at 598, 55 S.Ct. at 867. In rejecting this argument, Mr. Justice Brandeis stated:

"For the Fifth Amendment commands that, however great the Nation's need, private property shall not be thus taken even for a wholly public use without just compensation. If the public interest requires, and permits, the taking of property of individual mortgagees in order to relieve the necessities of individual mortgagors, resort must be had to proceedings by eminent domain; so that, through taxation, the burden of the relief afforded in the public interest may be borne by the public." *Id.* at 602, 55 S.Ct. at 869.

*Radford* has never been overruled and it has been applied to protect a vested security interest from retroactive destruction as recently as *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).

On the other hand, it is undoubted that due process analysis has been altered dramatically since the late 1930's.[2] Moreover, it is argued that the substantive due process analysis of *Radford* should apply only to the taking of a valuable substantive property right. The debtor contends that Congress recognized that the property interest in highly depreciable household goods is valuable, not intrinsically, but as a lever to obtain payment. H.R.Rep.No. 95–595, p. 127, U.S. Code Cong. & Admin. News 1978, pp. 5787, 6088. The interest of the creditor in these goods is contended to be more nearly a contract right than a substantive property interest, because unlike a mortgagee of real estate, the creditor is under no illusion that the collateral may have the value of the loan. If the security interest is thus viewed as a state created remedy for pursuing an underlying claim rather than a substantive property interest, then no due process prob-

---

**2.** In fact this dramatic change is frequently stated to have begun the same term as *Wright* with the decision in *West Coast Hotel v. Parr-*

*ish*, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937). *See, e. g.* Tribe, *American Constitutional Law*, § 8–7 (1978).

lems are created by § 522(f). See *Wright, supra.* As the Supreme court has stated:

"Our cases are clear that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 16, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976).

The Court also said:

"It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on the one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Id.* at 15, 96 S.Ct. at 2892.

This presumption in favor of constitutionality raises a more compelling ground for decision of this case than the arguments of either party. The weight of this presumption is especially difficult to overcome at the trial court level. *United States v. Smith,* 62 F.Supp. 594 (W.D.Mich. 1945); *Chrestensen v. Valentine,* 34 F.Supp. 596 (S.D.N.Y. 1940); *In re Royal–Wilhelm Furniture Co.,* 23 F.Supp. 993 (W.D.Mich. 1938). The case for declaring 11 U.S.C. § 522(f) unconstitutional is not sufficiently compelling to merit the finding by a trial court that Congress erred.

Therefore, it is hereby ORDERED and ADJUDGED that the non–possessory non–purchase money security interest in question is void pursuant to 11 U.S.C. § 522(f).