Elinor P. Smith, Tampa, Fla., for debtor.

Larry M. Foyle, Tampa, Fla., for Blazer Financial Services.

## ORDER ON MOTIONS TO AVOID LIENS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are Second Amended Motions to Avoid the Judicial Liens of Blazer Financial Services, Inc., and Fidelity Deposit Company of Maryland. Both Motions were filed by John Michael Fitzpatrick (Debtor) pursuant to § 522(f)(1) of the Bankruptcy Code. In due course, the Motions were scheduled for hearing with notice to all parties of interest, and the Court having considered the Motions, together with the pertinent part of the record and argument of counsel, is satisfied that the Motions are not well taken and should be denied for the following reasons.

The Petition for Relief by this Debtor was filed on July 18, 1979, under I–VII of the Bankruptcy Act of 1898 (Act of 1898). In due course, the Debtor obtained a discharge on November 9, 1979, and the case was closed on November 21, 1979. On November 14, 1991, almost 12 years after the case was closed, the Debtor filed a

**In re John Michael FITZPATRICK, Debtor.**

**Bankruptcy No. 79–999–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 7, 1992.

Motion to reopen the closed case in order to file motions to avoid judicial liens. On November 18, 1991, this Court, pursuant to Section 350 of the Bankruptcy Code and Bankruptcy Rule 5010, granted the Motion and reopened the case for the limited purpose to permit the Debtor to file motions to avoid judicial liens. These are the Motions under consideration.

As noted earlier, this case was filed by the Debtor on July 18, 1979 pursuant to Chapters I–VII of the Bankruptcy Act of 1898. It is without dispute that by the enactment by Congress of Public Law 95–598, Bankruptcy Reform Act of 1978, (Reform Act), Section 401 of Title VI, the Bankruptcy Act of 1898 was repealed in toto. Also, by enacting Section 402 of the Reform Act, Congress provided that all cases commenced under the Act of 1898 and all matters and proceedings relating to cases filed under the Act of 1898 shall be conducted as if the Reform Act had not been enacted and the substantive rights of parties involved in connection with cases filed under the Act of 1898 should be unaffected by this legislation. The Debtor concedes, as it must, that this Chapter VII case is governed by the provisions of the Act of 1898 and not by any provisions of the Bankruptcy Code, including § 522(f)(1) of the Bankruptcy Code.

Notwithstanding, the Debtor in support of its motion, relies on some statements by the Third Circuit Court of Appeals in the case of *In re Ashe*, 712 F.2d 864 (3rd Cir.1983). *Ashe* involved four appeals, each considering the effect of § 522(f)(1), which permits a debtor to avoid a judicial lien to the extent it impairs an exemption to which the debtor would otherwise be entitled. The lien sought to be invalidated in *Ashe* became fixed on the property prior to the effective date of the Code, that is October 1, 1979.

A careful reading of *Ashe* leaves no doubt that it furnishes scant, if any, support for the Debtor's contention or the Debtor's Motions under consideration. First, as noted, *Ashe* was filed after the effective date of the Code and is governed by the Bankruptcy Code, unlike the case under consideration which was filed prior to the effective date of the Code and as such is clearly governed by the provisions of the Bankruptcy Act of 1898.

The Third Circuit in *Ashe* equated § 67(f) with the present § 522(f). Arriving at this conclusion, it relied on *Chicago, Burlington and Quincy R.R. v. Hall*, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306 (1913). In this case, the Supreme Court held that § 67(f), which invalidates judgment liens fixed on the property within four months of the commencement of a case, is invalid regardless of whether the property was property of the estate and remained as such, or whether the property was claimed under local law as exempt and allowed as exempt.

Section 67(f), unlike § 522(f)(1), had nothing to do with a debtor's right to exemptions. As noted, while it is true that the Supreme Court in *Hall* held that the debtor may use § 67(f) of the Act of 1898 to invalidate judgment liens on properties which were claimed by the debtor and allowed as exempt under Nebraska law, it did not change the very basis for the application of § 67(f), which was based on the proposition that no creditors shall be permitted to obtain a preference over other creditors of the debtor in the same class within four months prior to the commencement of a case.

The liens involved in this particular case, unlike the liens involved in *Ashe* and the companion cases on appeal with *Ashe*, are not liens which were created and became fixed on the property of the Debtor within four months of the commencement of the bankruptcy case, which was clearly a requirement of § 67(f) of the Act of 1898 before a judicial lien could be invalidated. There is nothing in § 522(f) which even indirectly intimates that it has anything to do or has any inter-relationship to § 547 of the Bankruptcy Code, the only Section of the Code which deals with preferences. The statement by the Court in *Ashe* that with respect to avoidance of judicial liens, Congress in 1978 did nothing more than it did eighty years earlier, is a gross oversimplification of the purpose of the two Sections and simply lacks any support in

the clear and unambiguous language of the two Sections. To contend that § 522(f)(1) is a preference-avoidance Section is a total misunderstanding of the Section and the very basis of the voiding powers granted to debtors which permit one and only one conclusion—that § 522(f)(1) has no application in this pre-Code case and the Debtor's voiding power is governed by § 67 of the Bankruptcy Act of 1898. Thus, unless the Debtor is able to show that the liens in question became fixed to the property involved within four months prior to the commencement of this Chapter VII case filed under the Act of 1898, his right to avoid these liens cannot be sustained. This is so because the Act of 1898 had no provision which permitted a Debtor to avoid judicial liens based on the fact that the lien impaired an exemption to which the debtor is entitled.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion to Avoid the Judicial Lien of Blazer Financial Services, Inc., be, and the same is hereby, denied with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Second Amended Motion to Avoid the Judicial Lien of Fidelity Deposit Company of Maryland be, and the same is hereby, denied with prejudice.

DONE AND ORDERED.