S. G. McMains et al., Appellees, v. Ray Cunningham et al., Appellants.

No. 40568.

November 18, 1930.

Rehearing Denied April 5, 1932.

John E. Holmes, for appellant Ray Cunningham.

L. W. Laughlin, for appellants Ira H. Cunningham and Susie V. Cunningham.

Chester J. Eller, for appellees.

FAVILLE, J.—One Ray Cunningham was made a defendant in this action as the holder of a chattel mortgage upon the automobile in question. The decree was adverse to the claim of said Ray Cunningham under said chattel mortgage. It does not appear that he has joined in the appeal of said cause to this court and appellee's motion to dismiss the appeal as to said Ray Cunningham is sustained. We shall refer to the defendants Ira Cunningham and Susie Cunningham as the appellants, and Mc-Mains as the sole appellee.

The pleadings cover 140 pages of the abstract to present the issues in the case.

On September 19, 1929, the appellee recovered a personal judgment in the district court of Polk County, Iowa, in the sum of $1000 against each of the appellants. The judgment was for damages suffered by the appellee in an automobile accident which occurred on May 25, 1929. The automobile in question was registered in the name of Susie as owner, and was being driven by Ira when appellee was injured.

On November 6, 1929, the appellant Susie filed her petition in voluntary bankruptcy in the district court of the United States for the southern district of Iowa, and she was on said date adjudged to be a bankrupt.

On the 19th day of November, 1929, the sheriff of Polk County duly levied an execution upon the automobile in controversy, said execution having been issued on the appellee's said judgment.

On November 21, 1929, Ira filed his petition in bankruptcy in the said district court of the United States, and was on said date duly adjudged to be a bankrupt. Each of the appellants listed said judgment as a debt, and Ira scheduled said automobile as property belonging to him and claimed the same as exempt to him under the statutes of the state, his contention being that it was used in his occupation as a painter and decorator, in

transporting himself and material to and from work and sources of supply.

On December 18, 1929, the appellee filed his claim on said judgment in the bankruptcy court against Susie, and on December 27, 1929, filed a like claim against Ira.

It is to be noticed from the foregoing statement of facts that the appellee's judgment was made a lien upon the said automobile under and by virtue of a levy of a general execution upon said property on November 19, 1929, which was two days before the appellant Ira filed his petition in bankruptcy. The bankruptcy court entered an order setting off said automobile as exempt to Ira under the state statute.

On December 21, 1929, the appellant Ira duly filed his petition for discharge in the bankruptcy court. An order appears to have been entered in said court staying his discharge until the final determination of the instant case in the state courts.

I.  Appellants contend that the *debt* itself, being the judgment upon which execution was issued and levy made within four months of the adjudication in bankruptcy, has been discharged by the bankruptcy proceedings and that any and all rights of the appellee against the automobile have been extinguished thereby. The formal discharge has been stayed on appellee's petition.

The judgment is a judgment *in personam* recovered in an ordinary suit for damages growing out of an automobile accident. It is not based on fraud or willful injuries to person or property. It is the well-established and universal rule that a discharge in bankruptcy releases a bankrupt from all liability on a judgment of this character, obtained within four months of the adjudication in bankruptcy.

Section 67-f of the Bankruptcy Act (11 U. S. C. A., Sec. 107-f) is as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to

the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.''

The invalidity of the judgment relates back to the time the judgment was rendered and nullifies such judgment and all subsequent proceedings thereon. If there were nothing more in the case it would be plain that under the very terms of the Bankruptcy Act the judgment and the levy made thereunder would be discharged.

II. It is contended, however, by the appellee that the automobile in question is subject to the execution levied upon it under the appellee's said judgment, and that appellee is entitled to a judgment *in rem* subjecting the said property to the satisfaction of his said judgment notwithstanding the discharge of appellants in the bankruptcy court, and even though the levy was within the four-months' period.

Chapter 119 of the Acts of the Forty-third General Assembly is as follows:

''No motor vehicle shall be held exempt from any order, judgment or decree for damages occasioned by the use of said motor vehicle upon a public highway of this state.''

Appellee contends that even though the automobile would be exempt to the appellants under the general exemption statute, it is not exempt from levy upon the judgment in this case because of the statute just quoted, and hence that appellee can hold the same. Without making any pronouncement as to the validity or effect of the statute, it may be conceded for the sake of the argument that under it the automobile in question would be subject to the satisfaction of the appellee's judgment, even though it would otherwise be exempt to appellants under the general exemption statute.

What, then, is the situation?

The appellee has obtained a judgment *in personam* against the appellants, and within the four-months period has obtained a lien upon the automobile in question by virtue of the levy of an execution issued on said judgment. As to appellee, under the

statute, the property may be regarded as non-exempt property. Does this help the appellee's situation?

Even if the automobile is not exempt to the appellants by reason of said Chapter 119, still the fact remains that the lien upon the said property obtained by the appellee under the execution was secured within the four-months period and was not a lien existing *prior* to said time, either by contract or otherwise. The effect of appellee's position is to claim that as to appellee the automobile is non-exempt property because of said Chapter 119.

As we view it, the question is not whether the automobile is or is not exempt to the appellants. The difficulty with the appellee's situation is that the foundation for the levy of the execution under which he claims a lien has fallen out from under him when the judgment itself has been discharged by the bankruptcy proceedings. As a stream can rise no higher than its source, so the lien obtained within the four-months period cannot persist after the *judgment* upon which it rests has been fully discharged in bankruptcy.

There are early cases holding to the effect that where process has been levied on property which is exempt to the debtor under the general exemption statute, but where the cause of action is one against which the exemption is not available, the lien obtained by the levy is not dissolved by an adjudication in bankruptcy. However, the Supreme Court of the United States has made definite pronouncement to the contrary in Chicago, B. & Q. R. Co. v. Hall, 57 L. Ed. 1306. The court said:

"On this question there is a difference of opinion, some state and Federal courts holding that the bankruptcy act was intended to protect the creditors' trust fund, and not the bankrupt's own property, and that therefore liens against the exempt property were not annulled even though obtained by legal proceedings within four months of filing the petition. Re Driggs, 171 Fed. 897; Re Durham, 104 Fed. 231. On the other hand, Re Tune, 115 Fed. 906; Re Forbes, 108 C. C. A. 191, 186 Fed. 79, holds that 67f annuls all such liens, both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt. This view, we think, is supported both by the language of the section and the general policy of the act, which

was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like this present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the bankruptcy act to secure to the debtor. Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months' period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void. That universal language is not restricted by the later provision that 'the property affected by the . . . lien shall be released from the same, and pass to the trustee as a part of the estate of the bankrupt.' It is true that title to exempt property does not vest in the trustee, and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt,' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt. He must make a report 'of the articles set off to the bankrupt, with the estimated value of each article,' and creditors have twenty days in which to except to the trustee's report. Sec. 47 (11) and general orders in bankruptcy 17. In other words, the property is not automatically exempted, but must 'pass to the trustee as a part of the estate,'—not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. Custody and possession may be necessary to carry out these duties, and all levies, seizures, and liens obtained by legal proceedings within the four months, that may or do interfere with that possession, are annulled, not only for the purpose of preventing the property passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt. This property is withdrawn from the possession of the trustee, not for the purpose of being subjected to such liens, but on the supposition that it needed no protection,

inasmuch as they had been nullified. The liens rendered void by 67f are those *obtained by legal proceedings within four months.* The section does *not* however, defeat rights in the exempt property *acquired by contract or by waiver* of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed.'' (Italics are ours).

In Peoples Nat. Bank v. Maxson, 168 Iowa 318, we said:

''Plaintiff's judgment and alleged lien was obtained twenty days before the Maxsons were adjudged bankrupts. Sec. 67-f of the Bankruptcy Statute provides that all judgment liens that attach to property at any time within four months from the time of the filing of the petition in bankruptcy become void as to the property. The statute will be set out in full later in the opinion. There is a conflict between Secs. 67-c and 67-f of the Bankruptcy Act, and a conflict in the decisions as to their construction, and whether Sec. 67-f applies to judgment liens. Some of the cases are cited by appellant. The matter reached the Supreme Court of the United States, and in C. B. & Q. R. R. Co. v. Hall, 229 U. S. 511, 512, 57 L. Ed. 1306, the Supreme Court, referring to the decision In re Forbes, 186 Fed. 79, says: 'That case holds that Sec. 67-f annuls all liens, both as against the property which the trustee takes, and that which goes to the bankrupt as exempt'.''

After quoting from the opinion, we said:

''We ought to follow the holding of the Supreme Court on this question. Under that holding, the lien of the judgment of the plaintiff, as it was obtained only twenty days before the filing of the petition in bankruptcy, was annulled. By the deed and contract, there was nothing done in fraud of any right possessed by plaintiff at the date the deed to Van Orsdol was made. As bearing upon the question of the contradiction and conflict in the different provisions of the Bankruptcy Act and the conflict in the decisions, the following citations may be given, which we do without further discussion: 5 Cyc. 365-369, 401-403; 3 R. C. L. 290-294.''

In the case of an attachment, we have held that the attachment lien is destroyed by the filing of a petition in bankruptcy

within four months, followed by an adjudication of bankruptcy. Casady & Co. v. Hartzell, 171 Iowa 325.

Whether the automobile is exempt to appellants or not, the fact is that appellee obtained no lien thereon until he levied his execution, which was within the four-months period of the adjudication in bankruptcy. Whether the property is exempt or non-exempt because of the statute, the lien so obtained is discharged by the adjudication in bankruptcy, and the judgment upon which the execution issued is likewise discharged.

Such is the effect of the proceedings under the Bankruptcy Act.

It follows that the decree of the district court must be—Reversed.

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.