## In re COFAX CORP.
### Bankr. No. 85235.

United States District Court
S. D. New York.
Feb. 20, 1951.

The following is the opinion of Loewenthal, Referee.

The Cofax Corporation on September 11th, 1947, filed an Arrangement Proceeding pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. It was adjudicated a bankrupt on May 28th, 1948, and Randall H. Decker qualified as trustee on the same date.

On December 11th, 1947, the Monsanto Chemical Company filed a proof of claim with this Bankruptcy Court, founded upon a judgment obtained in the City Court of the City of New York, on April 4th, 1947, in the sum of $1169.78. A transcript of the judgment filed April 8th, 1947, in the office of the County Clerk of New York County, is attached to the proof of claim. Jacob F. Gottesman has power of attorney to act for Monsanto.

By petition of John J. Dwyer verified April 6th, 1950, which supplements a peti-

tion of Jacob F. Gottesman verified March 15th, 1950 (both of which are merged herein), the following relief is sought: That this Court order that the claim of Monsanto Chemical for $1169.78 be paid in full as a priority with preferred status over Federal, State and City tax claims.

Monsanto bases its priority on an alleged lien said to be effected by service of a subpoena in proceedings supplementary to execution on Cofax. That on said date none of the taxing authorities, Federal, State or Municipal, had obtained a lien by virtue of any execution or warrant.

The following answers were filed denying generally the material allegations in the petitions: By the trustee of The Cofax Corporation, the bankrupt; by the New York State Industrial Commissioner; by the State Tax Commission of the State of New York, by the Corporation Counsel of the City of New York, and by the Treasury Department of the United States.

The trustee answered by way of defense that Monsanto was not the real party in interest, since a receiver had been appointed under the aforementioned judgment. It was then and there decided at the hearing that the petition of Monsanto be merged in the new petition which was filed by John J. Dwyer as Receiver of Cofax Corporation. All other separate defenses were to the general effect that the lien of a judgment creditor could not be superior to the lien of a Sovereign (City, State and Nation) for unpaid taxes which accrued prior to the creation of the alleged lien of a judgment creditor. After many sessions of argument on the motion, it was suggested by the Referee that this motion could not be decided without formal proof being adduced, substantiating the allegations in the petitions and answers.

### The Proof:

The proof of debt of Monsanto Chemical Company, with transcript of judgment in the sum of $1169.78, is an original document on file in this Court and is deemed marked in evidence.

The petitioner offered the following in evidence:

Exhibit 1—Third party subpoena dated April 9th, 1947, and affidavit of service dated April 30, 1947.

Exhibit 2—Examination in Supplementary Proceedings of the Metaplast International Corporation.

Exhibit 3—Notice of motion dated May 15th, 1947, affidavit of Jacob F. Gottesman verified May 15, 1947, examination of Metaplast Tape Corporation, verified May 9, 1947, copy of subpoena attached thereto, answering affidavit verified May 27, 1947, and reply affidavit of Jacob F. Gottesman, verified May 29, 1947, and the order entered thereon by Mr. Justice Aaron Steuer of the Supreme Court of the State of New York on June 30, 1947.

Exhibit 4—Receiver's bond dated May 20, 1947.

Exhibit 5—Order of Mr. Justice Aaron Steuer appointing John J. Dwyer receiver.

Exhibit 6—Retainer of Jacob F. Gottesman as attorney for receiver.

Exhibit 7—Order to show cause returnable August 27, 1947, made by John J. Dwyer as receiver of Monsanto Chemical Company.

Appended to Exhibit 3—Agreement between Metaplast International Corporation and Cofax dated February 4, 1947.

The Treasury Department by the United States Attorney offered the following in evidence:

Exhibit 1—Notice of tax lien filed April 3, 1947, in amount of $1432.71, same tax lien, in same amount, filed on the same date; notice of levy made to Metaplast Tape Corporation, Warrant for Distraint, No. E. 603445; copy of same notice of tax lien in same amount; letter of Gerard B. Mulville, deputy collector to Morris J. Rosenfeld, Chief Field Deputy.

Exhibit 2—Notice of tax lien, dated May 15, 1947.

Exhibit 3—Notice of tax lien dated June 25, 1947; three warrants, notice of levy, letter of Gerard B. Mulville of the notice of levy.

Exhibit 4—Notice of tax lien dated August 13, 1947, filed August 15, 1947; same notice of tax lien in same amount, filed August 14, 1947; notice of tax levy in same amount, served on August 18, 1947; two warrants for distraint served on Mr. Samuel Topping; copy of notice of tax lien.

Exhibit 5—Notice of tax lien dated September 9, 1947, filed on September 15, 1947, same notice of tax lien filed on September 11, 1947; notice of tax levy and warrant of distraint; letter to Mr. Rosenfeld from Mr. Hamler, deputy collector dated September 16, 1947.

The following concessions were made (S.M. 62 et seq.):

1. At the time the third party subpoena was served, The Cofax Corporation was insolvent; and continued to be insolvent on the date of the filing of the arrangement petition.

2. The transcript of the judgment was not filed in Nassau County.

3. The transcript was filed in Queens County, where Mr. Kahn, president of the bankrupt corporation, had his place of business.

4. The third party order was served on James Stein, 19th Street, Manhattan, where The Cofax Corporation had an office.

5. The judgment creditor and the receiver took no further action on the subpoena in supplementary proceedings as to the motion in the Supreme Court (N.Y.) dated September 11, 1947, because of a stay obtained in this Court.

The City of New York offered in evidence proof of claim and amended proof of claim:

Exhibit 1—for sales tax amended in the sum of $941.08 and for business tax amended in the sum of $1578.68, filed December 24, 1947.

The State of New York (Industrial Commission) filed a claim December 5, 1947 for unpaid unemployment insurance taxes:

Exhibit 1—in the sum of $2592.35.

The petitioner asserts a lien upon the property of the bankrupt, which passed from Metaplast to the debtor in possession, and then to the trustee in bankruptcy, by virtue of the service of the third party subpoena. It contends that its lien was not impaired by the filing of the petition for an arrangement more than four months after service of the subpoena. It seeks priority in payment over the claims of the Municipal, State and Federal Taxing Authorities.

The New York law gives the State of New York priority in payment over the claims of a judgment creditor whose claim is based solely upon service of a third party subpoena.

In re Franklin Auto Supply Co., Inc., Sup.Ct. Kings County, 1948, 193 Misc. 667, 84 N.Y.S.2d 540.

The City of New York is also entitled to such priority.

Matter of Brown Printing Co., 1941, 285 N.Y. 47, 32 N.E.2d 787.

It has also been held in New York that the priority in payment given to the United States under 26 U.S.C.A. § 3710, entitles the Government to prevail over a judgment creditor who "has done no more than to serve its subpoena". Shenk Realty & Contruction Co. v. Barrett, City Court of the City of New York, New York County, 1942, 178 Misc. 857, 36 N.Y.S.2d 624, 625. See also: Industrial Commission of New York v. Stambler, Supreme Court, Sp. Term, Kings County, 1949, 196 Misc. 1022, 95 N.Y.S.2d 70.

A transfer made or suffered by a bankrupt, which under any federal or state law, is voidable for any reason, is null and void as against the trustee of such bankrupt. Bankruptcy Act, § 70, sub. e(1), 11 U.S.C.A. § 107, sub. e(1).

The acquiring of a lien by judicial proceedings is a "transfer" as that term

is defined by the Bankruptcy Act, § 1.(30), 11 U.S.C.A. § 1(30).

The taxing authorities are, of course, claimants with provable claims and the trustee is therefore in a position to assert their rights as against the claimant Monsanto.

Monsanto as a judgment creditor caused a subpoena in supplementary proceedings to be served upon Metaplast pursuant to Section 779 of the New York Civil Practice Act. Pursuant to Section 781 of the same Act, Metaplast was restrained from making any transfer or other disposition of its property. However, Section 781 of the Civil Practice Act also provides that such injunction "shall remain in full force and effect for a period of two (2) years from the date of the service of the subpoena, at which time it shall be deemed vacated for all purposes *unless extended by order of the court* for good cause shown." (Emphasis supplied). Furthermore, Monsanto did not obtain an order from a Court of competent jurisdiction extending its lien under Section 781 of the Civil Practice Act for an additional period of time.

The two year statute of limitations having tolled, Monsanto can claim no legal or equitable rights by virtue of the service of the subpoena. In the case of In re Willax, 2 Cir., 1937, 93 F.2d 293, 295, it was held that there is nothing in the Bankruptcy Act that enables the Bankruptcy Court "to recognize a lien which the lienor has failed to continue in the way prescribed by the state law". Filing and proving a claim as unsecured is in itself sufficient to constitute a waiver of any security held by the claimant. Morrison v. Reiman, 7 Cir., 1917, 249 F. 97; In re Burr Mfg. & Supply Co., 2 Cir., 1914, 217 F. 16.

Monsanto's claim was an unsecured claim as filed in this Court. The creditor allowed the restraining provisions to lapse, and it is deemed vacated for all purposes.

Both applications are denied, and the petition dismissed.

Submit Findings of Fact and Conclusions of Law, and order on two (2) days notice.

Irving H. Saypol, U. S. Atty., and Daniel H. Greenberg, Asst. U. S. Atty., New York City, for the United States.

Nathaniel L. Goldstein, Atty. Gen., State of New York, Anthony P. Ludden, Asst. Atty. Gen., Samuel Stern, Asst. Atty. Gen., for State Tax Commission.

John P. McGrath, Corporation Counsel of City of New York (Leroy Mandle, New York City, of counsel), for City of New York.

Ridgway, Ridgway & Slote, New York City (John G. Crowe, New York City, of counsel), for trustees in bankruptcy.

Jacob F. Gottesman, New York City, co-attorney for trustee and attorney for Monsanto Chemical Co.

Charles Seligson, New York City, for bankrupt.

CONGER, District Judge.

An application having heretofore been made by Monsanto Chemical Company for review of the order of the Referee in Bankruptcy and the Referee's findings of fact and conclusions of law dated August 17th, 1950, and the matter having duly come on to be heard before me on the 25th day of October, 1950, and after reading and filing:—

1. The petition of Jacob F. Gottesman, Esq., the attorney for Monsanto Chemical Company, verified March 15th, 1950,

2. The order to show cause issued thereon, dated March 16th, 1950,

3. The petition of John J. Dwyer, Esq., Receiver in supplementary proceedings under the judgment recovered by Monsanto Chemical Company, verified the 6th day of April, 1950, and the affidavit of service annexed,

4. The affidavit in proof of claim of Monsanto Chemical Company, verified October 21st, 1947,

5. The answer of the City of New York to the petition of Jacob F. Gottesman, Esq., verified the 24th day of March, 1950, and the answer of the City of New York to the petition of John J. Dwyer, Esq., verified the 13th day of April, 1950,

424

6. The answer of the State Tax Commission to the petition of Jacob F. Gottesman, Esq., verified the 17th day of April, 1950,

7. The answer of Randall H. Decker, Trustee in Bankruptcy herein, to the petition of Jacob F. Gottesman, Esq., verified the 23rd day of March, 1950,

8. The answer of the Industrial Commissioner of the State of New York to the petition of Jacob F. Gottesman, Esq., verified the 23rd day of March, 1950, and the answer of the Industrial Commissioner of the State of New York to the petition of John J. Dwyer, Esq., verified the 14th day of April, 1950,

9. The answer of the United States of America by Irving H. Saypol, Esq., to the petition of Jacob F. Gottesman, Esq., verified the 27th day of June, 1950,

10. All of the exhibits submitted in evidence to the Referee on the hearings,

11. Referee's memorandum decision dated August 10th, 1950,

12. Findings of fact and conclusions of law submitted by the Trustee in Bankruptcy and signed by the Referee under date of August 17th, 1950,

13. The order of the Referee dismissing the petition of Jacob F. Gottesman, Esq. and John J. Dwyer, Esq., dated August 17th, 1950,

14. The petition of Jacob F. Gottesman, Esq. for review in the District Court of the order of the Referee, verified August 23rd, 1950,

15. The certificate of the Referee accompanying the record on review,

and after hearing Jacob F. Gottesman, Esq., attorney for Monsanto Chemical Company, in support of the application to review, and Ridgway, Ridgway & Slote, Esqs., by John G. Crowe, Esq., attorneys for the Trustee in Bankruptcy, the City of New York by the office of the Corporation Counsel through Leroy Mandle, Esq., the State Tax Commission by the office of the Attorney General, Nathaniel L. Goldstein, Esq. through Anthony P. Ludden, Esq., the Industrial Commissioner of the State of New York by the office of the Attorney General through Samuel Stern, Esq., the United States of America by the office of the United States Attorney through Daniel Greenberg, Esq., Charles Seligson, Esq., the attorney for the Bankrupt and acting as amicus curiae in this proceeding, appearing in opposition thereto, and after reading and filing the briefs and memoranda of law submitted on the argument of the motion, it is

Upon motion of Ridgway, Ridgway & Slote, attorneys for the Trustee in Bankruptcy, herein

Ordered, that the petition to review is denied in all respects, and the findings of fact and conclusions of law and the Referee's order entered thereon under date of August 17th, 1950, dismissing the petitions affirmed.