Orville William **HARRIS** and Gladys
Maxine Harris, Bankrupts,
Appellants,

v.

Harry **HOFFMAN**, Appellee.

No. 18715.

United States Court of Appeals
Eighth Circuit.

July 5, 1967.

James Furey, Carroll, Iowa, for appellants.

Edward S. White, Carroll, Iowa, for appellee and filed brief with John H. Mitchell, Fort Dodge, Iowa.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

This is an action arising out of a bankruptcy proceeding. The appellant-bankrupts, husband and wife, purchased real estate property in January 1958. This has been occupied by them as their homestead through December 1965, the date upon which they filed their voluntary petition in bankruptcy. On January 1, 1957, one year before the acquisition of the homestead, the appellants executed a promissory note to appellee for $8,000.00, due in one year with five per cent interest. On April 14, 1966, the Trustee in Bankruptcy set off as exempt property the real estate in question pursuant to § 561.16 of the Iowa Code and § 6 of the Bankruptcy Act. The property was valued at $12,000.00.

Appellee moved the referee to stay the discharge in bankruptcy and allow him time to perfect a lien in state court. A suit in state court on the note had been stayed upon commencement of the bankruptcy proceeding. Appellee claims that the bankrupts' property, although generally exempt to other creditors, is not exempt to him since his claim against the bankrupts antedates the acquisition of the homestead and is enforceable under § 561.21 of the Iowa Code.[1]

The referee refused to stay the discharge and the creditor-appellee sought a petition for review from the district court.

The district judge, the Hon. William Hanson, reversed the referee and ordered that a stay be granted until appellee could perfect a lien in state court. Unless appellee can perfect a lien in the state court he must take a position as a general creditor since he is otherwise unsecured and his note subject to discharge. The lower court in granting the stay relied upon Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, and this court's opinion in Duffy v. Tegler, 8 Cir., 19 F.2d 305. See also Ingram v. Wilson, 8 Cir., 125 F. 913.

The underlying theory of Lockwood[2] is that title to property generally exempt under state law does not pass to the trustee in bankruptcy. Under this rule creditors who claim that the property is not exempt from their particular debts must resort to state courts to obtain satisfaction since the bankruptcy court otherwise lacks jurisdiction. Lockwood is the leading authority for the referee to withhold discharge for a reasonable time to allow such creditors to effectuate their rights against the property.

Mr. Justice White stated:

" * * * the rights of creditors having no lien, as in the case at bar, but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would

---

1. "Debts for which homestead liable

   "The homestead may be sold to satisfy debts of each of the following classes:

   "1. *Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.*

   "2. Those created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.

"3. Those incurred for work done or material furnished exclusively for the improvement of the homestead.

   "4. If there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead." (Emphasis ours) Iowa Code § 561.21.

2. For a perceptive and critical analysis of Lockwood see Kennedy, Limitations of Exemptions in Bankruptcy, 45 Iowa L. Rev. 445.

exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, *an equity* entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor." (Emphasis ours) 190 U.S. at 300, 23 S.Ct. at 754.

Under the rule of *Lockwood* the referee need only find a prima facie right of the creditor as to the existence of waiver of the exempt property. He is not to make a final determination since this is outside of his jurisdiction to administer the exempt property. See 3 Remington, Bankruptcy, § 1317 at 244; Roden Groc. Co. v. Bacon, 5 Cir., 133 F. 515; Meinhard & Bro. v. Pincus, 5 Cir., 200 F. 736.

The referee in the present case determined there was not a prima facie waiver existing between appellee and the bankrupt. The referee relied upon the Iowa decision of Bracewell v. Hughs, 214 Iowa 241, 242 N.W. 66, which presented a case identical to the facts at bar. There the Iowa court, in denying the right of the creditor to establish a lien said:

"We have no case cited to us, nor have we been able to find any court holding, under such circumstances, that suit may be maintained successfully in a state court *to create a lien as distinguished from a suit to enforce an existing lien. * * * Of course, what has been said with reference to liens must not be understood as applying to cases where the exemption is waived or the lien created on the*

*exempt property by contract."* 242 N.W. at 69. (Emphasis ours)

The trial court herein reversed the referee's order saying that *Bracewell* is subject to varying interpretations and is distinguishable in that it holds that the creditor could not pursue his remedy in equity but should go to the law docket. We reverse.

Duffy v. Tegler, supra, was decided in 1927, five years before the *Bracewell* case. Although relying on *Lockwood*, this court [3] did not consider the effect of the intervening interpretation of *Lockwood* by the Supreme Court in Chicago B. & Q. R.R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306. In *Hall* the court held that a bankrupt could annul a lien even on exempt property (wages), if the lien was obtained within four months of his bankruptcy and was otherwise dischargeable under the then existing § 67f of the Bankruptcy Act.[4] The railroad contended (facing double payment to Hall and his creditors on previous garnishments) that under § 70 the trustee did not acquire title to the exempt property, therefore § 67f did not apply, since it had reference only to liens on property which can "pass to the trustee as a part of the estate of the bankrupt." The Supreme Court held that § 67f annuls all liens "both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt." The court said:

"This view, we think, is supported both by the language of the section and the *general policy of the act,* which was intended not only *to secure equality among creditors,* but for the *benefit of the debtor in discharging him* from his liabilities and enabling him to start

---

3. As the referee's opinion points out the general language regarding a stay order in *Duffy* is dictum and was not necessary to any holding in the case.

4. This section is now § 67a of the Chandler Act. Tit. 11 U.S.C. § 107. Section 67f read at that time:

    "all * * * liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition

in bankruptcy against him, shall be deemed null and void in case he is adjudge a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

See Chicago, B & Q. R. R. v. Hall, 229 U.S. at 514, 33 S.Ct. at 886.

afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like the present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the Bankruptcy Act to secure to the debtor." (Emphasis ours) 229 U.S. at 515, 33 S.Ct. at 886.

The Court acknowledged that "title to exempt property does not rest in the trustee, and cannot be administered by him for the benefit of the creditors." However, the court observed that the property does pass to the trustee as part of the estate to "segregate, identify, and appraise what is claimed to be exempt." The court then significantly distinguishes *Lockwood* and says:

"The liens rendered void by 67f are those obtained by legal proceedings within four months. *The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption.* These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed, under the principle declared in Lockwood v. Exchange Bank, 190 U.S. 294, [23 S.Ct. 751, 47 L.Ed. 1061]." (Emphasis ours) 229 U.S. at 516, 33 S.Ct. at 887.

The *Hall* rule has been codified under § 67a of the Bankruptcy Act which now refers to property which may pass to either the "trustee or bankrupt." See Kennedy, Limitations of Exemptions in Bankruptcy, 45 Iowa L.Rev. 445 at 474.

It has been suggested that *Hall* (now 67a) and *Lockwood* cannot be reconciled. If a bankrupt or trustee could set aside a four month prebankruptcy lien on exempt property under § 67a, and subsequently the creditor could seek a *Lockwood* stay to reobtain the lien against the same property, we would, indeed, as commentators suggest, be on "a senseless merry go round," 68 Yale L.J. 1459 at 1486. Kennedy, supra, 45 Iowa L.Rev. at 466–7. Furthermore, avoidance of a prebankruptcy lien, in favor of a less diligent creditor who has waited until after bankruptcy to obtain a lien, runs contrary to the basic grain of the Bankruptcy Act. Neither the general creditors or the bankrupt are protected through the inequitable preferences which could result. We prefer to believe Mr. Justice Lamar's distinction in *Hall* of *Lockwood* was not to move in circles.

Sec. 67a does not apply to "defeat rights in the exempt property *acquired by contract or by waiver of the exemption.*" 229 U.S. at 516, 33 S.Ct. at 887. A stay under *Lockwood* is proper only under these conditions. As to other liens within the purview of § 67a,[5] the bankrupt or trustee can avoid them.[6] The reasoning of *Lockwood* is that a holder of a waiver note holds a certain "equity" on the specific property that other unsecured creditors do not possess.[7]

We are then presented with the same issue that faced the referee below: does a prima facie waiver of the homestead exemption exist under the creditor-debtor relationship of the parties involved of

---

5. Sec. 67a does not apply to statutory liens, i. e., mechanics lien, etc., see Wallace T. Bruce, Inc. v. Najarian, 249 Minn. 99, 81 N.W.2d 282.

6. The trustee has an election to avoid the lien or to be subrogated to it for the benefit of the bankrupt estate. Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613. Likewise operation of § 67a is not automatic since the lien is only "voidable" not "void." See Fischer v.

Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764.

7. Logically reasoned, another basis has been suggested why the "waiver note" presents a special circumstance: "Perhaps the reason is so patent that the Court has not bothered to state it: having waived his exemption, the bankrupt is simply estopped to avoid a lien on the waiver." Note, Exemptions and Section 67a of the Bankruptcy Act, 40 Va.L.Rev. 83 at 93.

the *kind* to require a stay under the doctrine of *Lockwood?*

Although we look to Iowa law to determine the exemption, we are necessarily guided by both *Lockwood* and the Bankruptcy Act to see if the stay is permissible. Under either state or federal authority we determine that a stay order would be improper.

It has long been held that creditors with written waivers of exemptions hold any liens based thereon unimpaired under § 67a. This was the rule before *Lockwood*. In re Jackson, E.D.Pa., 116 F. 46. This rule is still followed today. See Dockery v. Flanary, 194 Va. 318, 73 S.E.2d 375, discussed in note 40 Va.L.Rev. 83 (1954). The lien based upon a waiver note is not avoided by adjudication of bankruptcy nor destroyed by a discharge. 1 Glenn, Fraudulent Conveyances and Preferences, 312 (rev.ed. 1940); 3 Remington § 1315 at 240. However, where there has not been a waiver of specific property, but a "right" to a lien is claimed under state statutes as an antecedent debt to an after acquired homestead, the law is clear that § 67a is applicable, and any lien acquired by a judicial proceeding within four months may be set aside by the bankrupt (cf. Chicago B. & Q. R.R. v. Hall, supra) or preserved by the trustee for the benefit of all creditors. See Hemsell v. Rabb, 5 Cir., 29 F.2d 914, 915; In re Porter, S.D.Fla., 3 F.Supp. 582; 4 Collier on Bankruptcy §§ 67.15, 67.16 (4th ed.1964). See also Sampsell v. Straub, 9 Cir., 194

F.2d 228. Cf. In re Burden, D.C.Neb., 83 F.Supp. 416; Wallace T. Bruce v. Najarian, 249 Minn. 99, 81 N.W.2d 282 [holding that 67a did not affect a mechanics lien since it is a statutory lien; the court also says such a lien is one acquired by contract and was a waiver of the exemption under *Lockwood*.] See also In re Espelund, D.C.Wash., 181 F.Supp. 108, where Chief Judge Lindberg offers an excellent discussion of the entire problem of the contractual waiver in specific property as distinguished from a judicial lien acquired on exempt property.

It is clear any judicial lien obtained by the creditor in the present case falling under the purview of the conditions set forth under § 67a, could have been defeasible. To allow the stay to enforce such a lien after adjudication of bankruptcy would be a self-contradiction of the legislative policy of § 67a and could further result in irreparable harm to the bankrupt.[8]

While it is a question of federal law whether the lien sought is based upon "contract or waiver" rights thus permitting a stay, we think it is persuasive that Iowa law does not consider the type of lien sought here as falling within this classification. Bracewell v. Hughes, supra.[9] This would surely preclude any argument that the law, being read into the promissory note in question, has made such note a waiver note of the type favored by *Lockwood*.

The Iowa Supreme Court originally reached an opposite conclusion in Brace-

---

8. Unnecessary delay in granting a discharge is not consistent with the general policy of the Bankruptcy Act to grant relief as expeditiously as possible. The allowance of a stay of discharge can in some situations cause great harm to the bankrupt. See 68 Yale L.J. 1459, 1477.

9. " * * * As a practical question, as against their claim, there is, in fact, no outstanding homestead right. This is true because the general statute freeing homesteads from judicial process excepts from its operation the very situation we have before us in this case. The plaintiffs therefore have an un-

secured claim against the defendant, and the defendant is not in a position to avail herself of this exemption statute as against the proper assertion of said claim. The right, therefore, of the plaintiffs to sue on this claim (without considering the bankruptcy law), take judgment thereon, and issue execution for the sale of said property, is a right which every person has on an unsecured claim against property of any debtor. *This right to so subject the property is not a lien; nor is it in the nature of a lien.*" (Emphasis ours) 242 N.W. at 68–69.

well v. Hughes,[10] published in 235 N.W. 37, specifically relying on *Lockwood.* However, the original opinion was withdrawn and the result reversed on rehearing, 214 Iowa 241, 242 N.W. 66. On the same day the Iowa court denied a rehearing in the case of McMains v. Cunningham, 214 Iowa 300, 242 N.W. 106 affirming 233 N.W. 129. In *McMains,* the Iowa court was confronted with a judgment creditor who obtained a *Lockwood* stay in bankruptcy to levy against an exempt automobile of the debtor. The Iowa statute waived the exemption as to a person damaged by reason of the operation of the vehicle by the debtor. Nevertheless, the Iowa court refused to enforce the lien because the debtor could avoid said lien obtained within four months of the bankruptcy under the doctrine of *Hall.* The Iowa Supreme Court in reversing their original opinion in the second *Bracewell* case specifically stated that *McMains* controls. It is obvious that the Iowa court felt upon reconsideration that the factors distinguishing *Hall* from *Lockwood* were also present in *Bracewell* and *McMains.*[11]

It would be an act of futility to stay the order when Iowa law does not recognize the enforceability of this kind of lien after an adjudication of bankruptcy. Satisfaction of a preexisting debt under § 561.21 of the Iowa Code as against an after acquired homestead was properly distinguished by the Iowa court in *Bracewell* from "cases where the exemption is waived or the lien created on the exempt property by contract." 242 N. W. at 69.

The judgment below is reversed and the case is remanded to the district court to affirm the order of the referee below.

---

10. The Iowa court in *Bracewell* did say that the plaintiff's "sole and only remedy, under this set of facts, is a law and not an equity action." 242 N.W. at 69. Yet whether the action be in law or equity can have no material effect on the conclusion reached therein. Cf. Kennedy, supra, 45 Iowa L.Rev. at 470. This language suggesting a remedy of law related only to a procedural suggestion to establish a provable claim. The Iowa court had pointed out procedure under § 63 of the Bankruptcy Act (Tit. 11 U.S.C. § 103) allowed provable debts to be reduced to judgments after the filing of the petition and before discharge. This would "change[s] the form of the claim from that of an unsecured note to a judgment which is provable in bankruptcy, thus settling the question as to the validity of the note, amount due, etc."

"Plaintiffs stand in the position of holding this unsecured note of the defendant, and the adjudication in bankruptcy bars any procedure therein in the state courts, except, under the circumstances heretofore explained, *they may put the same to judgment, but* they can have no execution thereon." (Emphasis ours) 242 N.W. at 68.

11. To the extent that state law may be based upon an erroneous interpretation of federal law where federal law is controlling, cf. Breisch v. Central R.R. Co. of N. J., 312 U.S. 484 at 489, 61 S.Ct. 662, 85 L.Ed. 964, another question may be presented. However, appellee does not so contend, nor do we so find, since we feel that the Iowa cases are compatible with *Lockwood* and *Hall,* and are not based upon any misconception and therefore persuasive authority.