**In the Matter of Elizabeth (Betsy) PIERCE, Debtor.**

**Bankruptcy No. 80 B 0091.**

United States Bankruptcy Court, N. D. Illinois, W. D.

May 22, 1980.

Bernard J. Natale, Rockford, Ill., for debtor.

James P. Kearney, Rockford, Ill., for American Bank.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Petition of the Debtor, Elizabeth (Betsy) Pierce, for Turnover of Monies received by the American National Bank and Trust Company as a result of a wage deduction order. Pierce is represented by Attorney Bernard Natale. American is represented by Attorney James Kearney. The facts are as agreed and stipulated to in the Briefs submitted by counsel. The question is whether the new Bankruptcy Code permits a debtor to recover a preferential transfer.

## ANALYSIS

The Code authorizes a trustee to avoid a transfer if five conditions are met. First, the transfer must be to or for the benefit of a creditor. Second, the transfer must be for or on account of an antecedent debt owed by the debtor before the transfer was made. Third, the transfer must have been made when the debtor was insolvent. Fourth, the transfer must have been made during the 90 days immediately preceding the commencement of the case. Finally, the transfer must enable the creditor to or for whose benefit it was made to receive a greater percentage of his claim than he would receive under the distributive provisions of the Bankruptcy Code. Specifically, the creditor must receive more than he would if the case were a liquidation case.

It appears the five elements are met. If American kept the money it would receive more than it would in a liquidation. (This is a no–asset case.) Attorney Kearney argues that "one of the conditions is that the other creditors are deprived", but that is not the way the statute reads.

Section 547 is essentially designed for creditors' protection, but the liberal attitude of Congress toward debtors in these matters permits debtors to recover such preferential payments for their own benefit. Section 522(h) provides that if the trustee does not exercise his avoiding power to recover a transfer of property that would be exempt, including a preferential transfer under Section 547, the debtor may exercise it and exempt the property.

## CONCLUSION

American should turn over to Pierce the sum of $445.05 received by American as a result of a wage deduction order.

An Order consistent with this Memorandum Opinion is filed herewith.