In re Michael & Irene EVANS, Debtors.

Irene M. EVANS and Michael G. Evans, Plaintiffs,

v.

David SCHNEER, et al., Defendants.

Bankruptcy No. 81–0908.
Related Case: 80–01967.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 17, 1983.

James S. Rapp, Kenton, Ohio, for plaintiffs.

Brad A. King, Lima, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Debtors' Motions for Summary Judgment and Default Judgment. The Debtors so move on the grounds that there is no genuine issue of material fact as to Defendant David Schneer, and that the Defendant-Trustee has failed to plead, defend or appear. The parties presented the issue to the Court upon the stipulation of facts. In addition, a Memorandum was filed by Debtors' attorney. No opposition to the Motion for Summary Judgment was filed.

### FACTS

The Court finds the following stipulated facts:

1. On October 16, 1980, David Schneer Was granted judgment against Michael Evans in the amount of Fifteen Thousand and no/100 ($15,000.00) Dollars compensatory damages and Five Thousand and no/100 ($5,000.00) Dollars punitive damages for wanton and reckless conversion in the Common Pleas Court of Hardin County, Ohio.

2. On October 17, 1980, David Schneer filed or caused to be filed a certificate of judgment in the amount of Twenty Thousand and no/100 ($20,000.00) Dollars against Michael Evans as a result of the above judgment in the office of the Clerk of Courts of Hardin County, Ohio.

3. On November 19, 1980, Michael Evans filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern Division of Ohio, Western Division.

It appearing the Trustee has shown no interest in this proceeding either by filing an Answer or by appearing, it is

ORDERED that Debtors' Motion for Default Judgment is hereby GRANTED.

The issue presented upon Stipulation of Facts and Debtors' Motion for Summary Judgment is two fold:

1.) Whether the filing of a judicial lien constitutes a transfer as defined by Bankruptcy Code Section 101(40); and,

2) Whether a judicial lien placed upon Debtors' residential property within the preference period may be avoided by the Debtors.

### I. TRANSFER

Based upon the Debtors' Memorandum and the Court's understanding of the Code, the filing of a judicial lien against property is indeed a transfer as intended by the Code. Section 101(40) defines transfer in the following manner:

"(40) 'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property *or with* an interest in property, including retention of title as a security interest."

Clearly, the placing of a lien on property is, in essence, the taking of an interest in that property. *Harris v. Hoffman*, 379 F.2d 413 (8th Cir.1967); *In re Cofax Corp.*, 96 F.Supp. 420 (S.D.N.Y.1951).

The legislative history of the Bankruptcy Code indicates that the definition of transfer in the Code is written in broad terms. "Many of the potentially limiting words in current law are deleted, and the language is simplified." Simply stated, a transfer is "a disposition of an interest in property." S.Rep. No. 95–989, 95th Cong., 2d Sess. 27 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5813.

In this case, the Defendants claim an interest in the Debtors' residence to the extent of $20,000.00, by virtue of the judicial lien filed on their behalf. The filing of such lien then is technically a transfer of interest to the benefit of the Defendants.

### II. AVOIDANCE

Although the Debtors technically do not, in a Chapter 13, share with the trustee the

avoidance powers available under Sections 544 and 547 of the Bankruptcy Code, those same powers are conferred upon the Debtors under Section 522(g) and (h). Those sections state in pertinent part the following:

Section 522. Exemptions.

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

 These sections are designed to give debtors the right of avoidance which a trustee could have pursued if the trustee chooses not to pursue them. *In re Mayo,* 19 B.R. 630 (Bkrtcy.E.D.Va.1981); *In re Pierce,* 6 B.R. 18 (Bkrtcy.N.D.Ill.1980).

It appearing that the stipulated facts support an avoidance of the preferential transfer. Further, there has been no evidence offered by the Defendants to support the position that these powers should not be exercised by the Debtors. In fact, the Defendants have not filed an Opposition to the Motion for Summary Judgment, or a Memorandum controverting the application of these facts to those required under Section 522(g) and (h).

It appearing the facts appear to be consistent with those required under Section 522(g) and (h), it is

ORDERED, ADJUDGED and DECREED that Debtors Motion for Summary Judgment is hereby GRANTED, and therefore, Defendants lien is hereby avoided.

In so reaching these conclusions, the Court has considered all the evidence presented, whether or not referred to specifically in the Opinion above.