**In re Carroll Maynard WOOTEN a/k/a Carroll M. Wooten, Debtor.**

**Bankruptcy No. 83–00115.**
**No. C 85–0281.**

United States District Court,
N.D. Iowa.

Sept. 5, 1986.

Harry R. Terpstra, Cedar Rapids, Iowa, for Carroll Wooten.

Michael McDonough, Cedar Rapids, Iowa, for Production Credit Ass'n.

### ORDER ON APPEAL

HANSEN, District Judge.

This case pends on the debtor's appeal from the bankruptcy court's (Honorable Robert J. Kressel, Judge, sitting by designation) decision voiding the debtor's claimed homestead exemption. Both the debtor, represented by Harry R. Terpstra, Esq., and the objecting creditor, Central Iowa Production Credit Association, represented by Michael McDonough, Esq., have filed written brief and argument. The court, having reviewed the record on appeal and read the briefs, determines that the bankruptcy judge's decision is correct and should be affirmed.

Both sides are in agreement that the facts as found by the bankruptcy judge are correct. In essence, they can be briefly set out as follows. The debtor is an Iowa farmer who filed a Chapter 11 proceeding on May 4, 1983. Under Chapter 11, he

remained in possession and continued to operate his farming business. During the course of the Chapter 11, he filed monthly reports. He applied for permission to borrow money to put in his 1983 crop, it was granted, he did so and repaid the loan. His 1983 crop income was enough to allow him to put in his 1984 crop without borrowing. His 1984 crop was harvested and on January 17, 1985, he filed a report showing that he had 18,350 bushels of corn and beans on hand valued at $51,275. No other reports were filed by the debtor until May 6, 1985, when he filed his petition seeking to convert the Chapter 11 to a Chapter 7, and also filed his monthly reports for February, March, April, and the first part of May. Those reports revealed that in early April of 1985, just before converting the Chapter 11 to a Chapter 7, the debtor sold the grain on hand for $32,559.53 and used the proceeds to purchase and improve a modest home in Van Horne, Iowa, which he then claimed as exempt as his homestead. At the time of the filing of the Chapter 11 proceeding, he had claimed part of his 347 acre heavily mortgaged farm as his homestead. Between the date of the filing of the Chapter 11 and the date of conversion, a span of almost exactly two years, the fair market value of the farm had dropped dramatically and the debtor realized he was going to "lose the farm" including his then declared homestead. That realization prompted his move from the farm homestead to Van Horne. At no time during the pendency of the Chapter 11 did the debtor seek the bankruptcy court's permission to sell the corn and use the proceeds to buy the house in town.

The bankruptcy judge determined that the debtor's new homestead was not exempt under Iowa law and if it were, the debtor's violation of the bankruptcy law in its acquisition voided the exemption. From those adverse determinations, the debtor appeals.

*Conclusions of Law:*

1. This court has jurisdiction over the parties and subject matter jurisdiction over the issues raised by this appeal.

■ 2. We begin the analysis by examining the exemption scheme available to the debtor. Under 11 U.S.C. § 541(a), all of the debtor's interest in property becomes property of the bankruptcy estate. Debtors may then claim some of that property as exempt pursuant to 11 U.S.C. § 522(b), which provides:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection …
>
> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
>
> (B) any interest in property in which the debtor had, immediately after the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Iowa is one of the majority of states which has exercised its right under § 522(b)(1) to "opt out" of the federal exemption scheme. Iowa Code § 627.10. Hence, Iowa debtors can claim only those exemptions allowed by Iowa law and not those under § 522(d) of the Bankruptcy Code. The exemption scheme crafted by the Iowa legislature, while it allows debtors a homestead exemption, puts numerous restrictions on that exemption. The homestead exemption is set out in § 561.16 of the Iowa Code as follows:

> The homestead of every person is exempt from judicial sale where there is no spe-

cial declaration of statute to the contrary, provided that persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale. For purposes of this section, "household unit" means all persons of whatever ages, whether or not related, who habitually reside together in the same household as a group.

The restrictions placed upon that exemption are numerous. A homestead is defined in § 561.1 and its maximum size is specified in § 561.3. The rules for determining and claiming a homestead exemption are set forth in §§ 561.4 through 561.21. Section 561.21(1) provides:

> The homestead may be sold to satisfy debts of each of the following classes:
>
> 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

In this case, it is clear that the debtor was at least $39,000 in debt to the objecting creditor before the debtor acquired the Van Horne homestead. It is also clear that there is no other property to satisfy his debt. Under Iowa Code § 561.21(1), these circumstances render the Van Horne homestead nonexempt from the antecedent debt.

The debtor asserts in his supplemental brief that the bankruptcy court decision in *In re McCormick*, Slip Op. No. 83–00024 (Bankr.N.D.Iowa, December 31, 1985) [Available on WESTLAW, 1985 WL 17363] (Honorable Thomas Wood, Judge) is controlling as to his case. An examination of the *McCormick* opinion and the cases cited therein which would uphold the homestead exemption despite the specific provision to the contrary embodied in Iowa Code § 561.21(1) reveals that the debtor's assertion is ill-founded.

In *McCormick*, the court indicated that the creditor would have been able to proceed against the debtor's homestead only if it had reduced its debt to judgment before the debtor filed in bankruptcy. No such requirement exists in Iowa law.

The *McCormick* court cited *Harris v. Hoffman*, 379 F.2d 413 (8th Cir.1967) for the same proposition. Reliance on *Harris* for that proposition is misplaced for the following reasons: *Harris v. Hoffman* was decided under the former Bankruptcy Act which was repealed effective October 1, 1979. Under the former Bankruptcy Act, the title to property generally exempt under state law did not pass to the trustee in bankruptcy. Under that rule, the creditors who claimed that that property was not exempt from their particular debts had to resort to state courts, since the bankruptcy court lacked the jurisdiction necessary to proceed against the state-exempt property. Under the ruling of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), the referee could withhold discharge from bankruptcy for a reasonable time to allow such creditors to pursue their claims in state court. The referee needed only a prima facie showing as to the existence of a waiver of the debtor's exemption in order to withhold discharge. The referee in *Harris* determined that there was not a prima facie waiver existing between the debtor and creditor sufficient to postpone discharge in order to allow state court action. The *Harris* court affirmed the referee's finding.

*Harris* does not hold that a creditor may not proceed against a debtor in bankruptcy under Iowa Code § 561.21(1) to satisfy debts that were incurred prior to the acquisition of a debtor's homestead. Rather, *Harris* affirmed the referee's finding that the creditor had made no prima facie showing of waiver which would entitle him to a stay of discharge. More specifically, *Harris* holds that the Iowa Code § 561.21(1) exception to the general homestead exemption is not a prima facie waiver by the debtor sufficient to allow postponement of a bankrupt's discharge to allow the institution of state court action by the creditor on the underlying debt. In addition, the main issue in *Harris*, whether under Iowa law the debtor had "waived" his exemption, no longer exists under the new Bankruptcy Code. As noted above, all of the debtor's property interests now become property of the bankruptcy estate under 11 U.S.C. § 541(a). In short, *Harris* did not modify

Iowa Code § 561.21(1) to require a creditor to possess a judgment prior to the debtor's filing in bankruptcy in order for the creditor to satisfy its debt from the debtor's homestead.

3. The debtor relies on the *McCormick* opinion in which the court cites *In re Zeisman*, Slip. Op. No. 83–03017 (Bankr.N.D. Iowa, May 31, 1985) for the proposition that even if the creditor here had reduced its debt to judgment prior to Mr. Wooten's bankruptcy filing, 11 U.S.C. § 522(f)(1) would work to avoid that judgment. This construction of § 522(f)(1) is contrary to the more reasoned construction of that section as expressed in *Matter of McManus*, 681 F.2d 353 (5th Cir.1982). In *McManus*, the Fifth Circuit properly construed § 522(f)(1) of the Bankruptcy Code to be limited in its scope by § 522(b). A more detailed analysis of those sections is necessary.

Section 522(f) constitutes the federal avoidance mechanism that the bankruptcy court below invoked in its opinion. 11 U.S. C. § 522(f)(1) states:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien....

The *McManus* court, in regard to this section of the Bankruptcy Code, stated:

> Significantly, the avoidance provisions of section 522(f) are available to debtors seeking to avoid a lien only "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)" of section 522. In other words, this federal avoidance section is not a separate exemption statute. It provides only a limited mechanism for avoiding liens, since the only liens that may be avoided are those impairing an exemption the debtor would have been entitled to receive under section 522(b).

*Matter of McManus*, 681 F.2d at 355.

The invocation of Section 522(f)(1) is contingent upon whether the debtor was enti-

tled to an exemption under Section 522(b). As previously discussed in this opinion, Iowa state law determines the exemptions under 11 U.S.C. § 522(b)(2)(A), and this debtor is not entitled to an exemption under the Iowa exemption provisions because the debt involved was contracted before the acquisition of the homestead. Iowa Code §§ 561.16, 561.21. It follows that Mr. Wooten could not avail himself of 11 U.S.C. § 522(f)(1) to avoid the Central Iowa Production Credit Association's lien, should it procure one in the state courts. Since the *Zeisman* and *McCormick* opinions improperly construed the effect of 11 U.S.C. § 522(f)(1), they do not control the disposition of this case as to that section.

■ 4. In addition, Mr. Wooten is not entitled to an exemption in this case because he sold his corn and beans and purchased the Van Horne home in violation of his duties as a Chapter 11 debtor in possession. Under Chapter 11, the debtor has the rights of a trustee subject to certain limitations, 11 U.S.C. § 1107(a), and is generally authorized to operate his business, 11 U.S. C. § 1108. As a general rule, a trustee, including the debtor in possession, may use, sell or lease property other than in the ordinary course of business only after notice and a hearing. 11 U.S.C. § 363(b).

It is not in the ordinary course of business for a farmer to buy a house. The acquisition of the house was clearly in violation of 11 U.S.C. § 363(b)(1) since it was unauthorized. Therefore, as an unauthorized post-petition transfer, the purchase of the debtor's house is avoidable by the trustee under 11 U.S.C. § 549(a). Debtor's attempt, in his fiduciary capacity as debtor in possession, to deprive his creditors of property that is rightfully theirs will not be condoned.

The debtor's reliance on *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984) to support his position that he properly changed his homestead is misplaced. *Lindberg* dealt with Chapter 13 debtors who owned two pieces of real estate when they filed their Chapter 13 case, one of which was their homestead. During their Chapter 13 case, debtors moved from one piece of property to another. After the conversion of their case to a Chapter 7 liquidation proceeding, they

claimed their new homestead as exempt and the Eighth Circuit upheld their right to do so. It is clear from the opinion that, unlike Mr. Wooten, Mr. and Mrs. Lindberg did not violate any provisions of the Bankruptcy Code in changing homesteads. It is also clear that, in his fiduciary capɪ city as Chapter 11 debtor in possession, Mr. Wooten sat in a position of greater responsibility than did the Lindbergs who, as Chapter 13 debtors, shared only some of the powers of a trustee and were generally not considered fiduciaries.

In summary, Mr. Wooten is not entitled to claim the Van Horne home as his homestead under the exemption provisions of 11 U.S.C. § 522(b) and Iowa Code § 561.21(1), and since he violated 11 U.S.C. § 363(b) in purchasing the Van Horne home without notice and a hearing, his acts are also avoidable by the trustee under 11 U.S.C. § 549(a).

ORDER:

Accordingly, It Is Ordered:

The order of the bankruptcy court of October 16, 1985, is affirmed and plaintiff Mr. Wooten's objection to the order denying the homestead exemption is overruled.